Per Curiam.

The plaintiffs having voluntarily suffered a nonsuit in the first suit, the second is to be deemed vexatious ; and the defendant is never too late, pending the : second suit, before trial, to make his application to stay the proceedings.(c)
Rule granted.

 Where the same title to the same, Jackson v. Stiles, 2 Cowen, 596 property is drawn in question in the second suit between parties or privies to the first, this court will order a payment of the costs of the first suit before they will suffer the1 second to proceed; Jackson ex dem. Livingston v. Edwards,.! Cowen, 138 ; and this must be done although the first suit was m a court under the constitution and laws-of the United States. Jackson ex dem. Allen v. Carpenter, 3 id. 22/ The power exercised by the courts to stay *297 proceedings till the costs of a former suit for the same cause are paid, does not depend exclusively upon the question whether their collection-can he enforced' by execution. It is an equitable jurisdiction and intended to prevent the vexatious multiplication of suits.” Standford v. Chase, id. 381. Perkins v. Hinman, 19 Johns. R. 237. Taylor v. Vanderwoort, 9 Wend. 449. Ex parte Stone, 3 Cowen, 380. Swing v. Inhabitants of Upper Alloway Creek, 5 Halst. 58. Sooy v. McKean, 4 id. 86. Cooper v. Shepard, id. 96- Newton v. Bewley, 1 Browne, 38. Plumsted v. Rudebagh, 1 Yeates, 502. Jackson v. Edwards, 1 Cowen, 138. But if plaintiff be not liable for costs from the character in which he sues as administrator, the court will not make such order. Boyce v. Hancock, 2 Bailey, 53; See also Bordeaux v. Cave, id. 6. Nor will they, if the same title as in the former suit be not in question in the latter; Jackson v. Stiles, ut supra; nor if the plaintiff be in execution for the costs of the former suit, though if the party be afterwards discharged under an insolvent act, or escape from the ca. sa., 5 Wend. 240, the right of the party to a stay would be restored. 1 Cowen, 206. Eaton v. Wyckoff, 4 Wend. 203. The supreme court have also refused to stay proceedings in a suit until the payment of the costs of a suit in chancery between the parties, concerning the same matter, and in which the plaintiff’s bill was dismissed with costs. Stebbins v. Grant, 19'Johns. R. i 96. The power to stay proceedings for such cause is confined to the superior courts and a justice of the peace cannot exercise it. Youle v. Brotherton, 10 Johns. R. 363. See also Gra. Prac. 2d edit. 551, 552, ef seq.