ALBANY,
August, 1811.

PUGSLEY
v.
VAN ALEN.

---

## PUGSLEY *against* VAN ALEN.

*Where a rule to set aside a default and subsequent proceedings was granted on payment of costs, and the costs were regularly demanded of the defendant but not paid, and the plaintiff, afterwards, issued an execution on the judgment, the court refused to set aside the execution.*

*Where a rule is granted on payment of costs it is conditional, and is of no force, unless the costs be paid in stanter; and the party who is to pay costs, must seek and tender them to the other party.*

A RULE was granted, at the last *May* term, on motion of the defendant, to set aside the default entered in this cause for want of a plea, and all subsequent proceedings, " upon payment of costs. "

The costs were taxed, and regularly demanded of the defendant on the 24th of *June* last, and not being paid, the plaintiff, more than a month after the demand, issued an execution on the judgment he had obtained, prior to *May* term, by default.

*Van Buren* now moved to set aside the execution, as irregular.

*Vanderpoel,* contra, cited 1 *Johns. Cas.* 396. 2 *Johns. Cas.* 114.

*Per Curiam,* The rule was conditional, and of no force, without the payment of costs. This is the import of the rule as entered, it being granted " on payment of costs." The plaintiff must have been regular, and the defendant admitted to plead at the last term as a favour, or the condition of paying costs would not have been imposed. This being the case, it would not be reasonable that the favour should be obtained absolutely, and the plaintiff driven to the tedious process of recovering the costs by attachment. It may be doubted whether the rule would admit of the construction that the party is in contempt for not paying the costs, as he was not ordered to pay them, but only admitted to a favour on that con-

dition, and it was left to his volition whether or not he would comply with that condition. If a new trial be granted on payment of costs, this rule, say the books, is conditional, and they must be forthwith paid. (*Impey's K. B.* 252.) So, when leave is given to a party to amend, it is on the like condition. (2 *Cromp.* 458.) We have an analogous case in this court. In *Jackson*, ex dem. *Onderdonk*, v. *Weston*, *May* term, 1803, the court, according to an original note of the case, said that " where a plaintiff is nonsuited, and comes for a favour, to set it aside, and it is set aside, *on payment of costs*, those costs must be paid *instanter*, and the party who is to pay must go and seek the other party."

*Motion denied.*