NEW YORK,
May, 1824.

Jackson
v.
Eddy.

JACKSON, *ex dem.* WATSON, AND OTHERS, *against* EDDY
AND OTHERS.

Upon the ordinary rule for judgment as in case of nonsuit, *nisi,* the defendant must demand costs, &c., before he can have judgment.

But where the rule is absolute for judgment as in case of nonsuit, and is opened upon motion, on the payment of costs and stipulating, the plaintiff must tender the costs and stipulate, as a condition to having the effect of the rule.

A non-enumerated motion, tho' granted, may be opened of course, at any time during the progress of the non-enumerated business, the counsel on both sides being in court.

But if both are not present, *semb.* cause should be shown upon affidavit.

ON the first day of the last term, the defendant's counsel moved for, and took a rule for judgment, as in case of nonsuit, (no one appearing for the plaintiff, to stipulate.)  There had been no previous stipulation.  On the 8th March, the counsel for the plaintiff read an affidavit, excusing the not appearing to stipulate upon the motion, and a rule was obtained, that the judgment, as in case of nonsuit, be set aside, on payment of all costs since the default in not bringing the cause to trial, and the costs of opposing that motion ; and upon the further condition, that the plaintiff stipulate to bring his cause to trial at the next circuit in New York.  On the 16th the costs were regularly taxed, on notice, at $12 87.  These not being tendered or paid, the final costs were taxed, and the judgment perfected on the 29th of March.  On the same day, a stipulation and the costs were tendered to the attorney for the defendant, but he refused to receive them, alleging that judgment had been perfected.  No demand of the costs had been made of the lessors of the plaintiff.  Notice of the second motion had been given.

*W. M. Price,* moved to set aside the judgment, &c., for irregularity.  He cited R. G. Oct. term, 1802 ; 1 Caines' Rep. 109, 154 ; id. 112 ; 3 id. 135 ; Caines' Pr. 515 ; 1 John. Cas. 30.

*W. Slosson,* contra.

*Curia.*  The plaintiff moves on the ground that the costs should have been taxed and demanded, pursuant to the general rule of October term, 1802 ; and it is true, that had counsel appeared for the plaintiff, he would have been allowed to stipulate, of course.  So, at any time during the term while the non-enumerated business was in progress, we should have opened the rule and given leave to stipulate ; the counsel who moved originally, being in Court ; and in

either case, the plaintiff would have been within the general rule, and might have waited a demand of the costs. But the latter would not have been done without the actual presence of both counsel ;(*a*) and for more abundant caution, it seems, an affidavit was made, showing cause why a stipulation was not given in the first instance, and notice of an application to set aside the judgment was given, which resulted in a rule strictly conditional, setting aside the judgment on the preliminary terms of paying costs and stipulating. The course which the business took, thus changed the ground ; and it became the duty of the plaintiff to fulfil the precedent conditions, before he could take the benefit of the rule. This he did not do. Instead of tendering a stipulation and costs presently, as was his duty, he lay by till the 29th of March ; and in the mean time the defendant had perfected his judgment. The tender was too late. This is not the ordinary rule *nisi,* whereon, it is well settled that the defendant must demand the costs. It is so much a matter of course in these cases to allow a stipulation, that we regret such strict practice being pressed ; but with this we have nothing to do. The defendant has been regular. He had a right, upon the terms of this rule, to go on, and we can relieve only upon terms. Let the judgment be set aside on payment of all the costs to this time.

NEW YORK,
May, 1824.

Jackson
v.
Eddy.

Rule accordingly.(*b*)

(*a*) Vid. 1 Dunl. Pr. 352. Ante, vol. 1, 197, acc.

(*b*) No step in the law is, perhaps, more frequent, than setting aside a regular proceeding upon certain conditions; one of which is, almost invariably, the payment of costs. (Tidd, 457.) Sometimes, on pleading issuably, (Tidd, 508,) &c. sometimes, on putting in or justifying bail, (Tidd, 263, 1 John. Cas. 396,) &c. &c. But the exact time within which the party is to set about fulfilling the condition, has not been precisely ascertained by the decisions of this Court. They may, and generally do, on request, fix the time, but the rule is oftener general, *on payment of costs,* &c. omitting to state any period. In *Brooks* v. *Hunt,* (3 Caines' Rep. 94, 95,) "It was said by the bench, that in all cases the period within which costs are to be paid, is 20 days." But this follows a case in which the Court had denied a motion for judgment, as in case of nonsuit, upon payment of costs; and must evidently be referred to the usual proceeding in such a case, which is, on stipulation, *sui generis ;* for the costs must first be demanded, and then after the lapse of 20 days, if not paid, the defendant takes judg-

ment upon his previous rule. All this depends upon the general rule of October term, 1802, which regulates the practice without regard to the terms of the particular rule allowing the stipulation. (Vid. *Gilliland* v *Morrell*, 1 Caines' Rep. 154; *Witmore* v. *Russell*, 3 Caines' Rep. 135.) That the language of the Court in *Brooks* v. *Hunt*, had this limited meaning, was lately held in *Bradstreet* v. *Phelps*, ante, 453, on motion for an attachment for non-payment of costs, ordered by a rule. Besides, if allowed where payment is a condition precedent, it would many times work positive injustice. I remember a case, several years ago, in which the plaintiff had taken a default, and had noticed the execution of a writ of inquiry, during the term at which the Court, on motion, ordered that the default and all subsequent proceedings be set aside, *on payment of costs*. This was a day or two before the writ of inquiry was to have been executed, and a delay of 20 days would have been a loss of the term to the plaintiff. Accordingly, Mr. C. Ruggles, who was counsel for the plaintiff, asked the Court what time the rule would allow the defendant, to fulfil the condition; and Thompson, C. J. said he must pay the costs *instanter*; i. e. within 24 hours, which is signified by the word *instanter*, according to the case of *Pryce* v. *Hodgson*, E. 35, Geo. 3, cited in Tidd, 508, note (y). Mr. J. Sudam, I think, made that motion, on the usual affidavit of merits. None of the reported cases speak with so much precision as to time, but they all agree, as well as the books of practice, that the party must proceed with promptness to fulfil the condition, and if he do not, his adversary may go on with his cause, entirely disregarding the rule. Mr. Dunlap, (in his Pr. 353,) speaking of a rule granted, *on payment of costs*, says, "It is the duty of the party obtaining the favor, to seek the opposite party, and pay or tender him the costs, *instanter*, without waiting until a bill is delivered, or the costs demanded." And he is fully borne out by the case which he cites of *Pugsley* v. *Van Alen*, (8 John. Rep. 352.) There a default was set aside on motion of the defendant, "upon payment of costs." This was in May term, 1811. Being taxed and demanded of the defendant, the 24th of June thereafter, but not paid, the plaintiff, more than a month after the demand, proceeded to execution, which it was moved to set aside.

*Curia.* The rule was conditional, and of no force, without the payment of costs. This is the import of the rule as entered, it being granted, "on payment of costs." The plaintiff must have been regular, and the defendant admitted to plead at the last term, as a favor, or the condition of paying costs, would not have been imposed. This being the case, it would not be reasonable that the favor should be obtained absolutely, and the plaintiff driven to the tedious process of recovering the costs by attachment. It may be doubted whether the rule would admit of the construction, that the party is in contempt for not paying the costs, as he was not ordered to pay them, but only admitted to a favor on that condition, and it was left to his volition, whether or not he would comply with that condition. If a new trial be granted on payment of costs, this rule, say the books, is conditional, and they must be *forthwith* paid. (Impey's K. B. 252.) So, when leave is given to a party to amend, it is on the like condition. (2 Cromp. 458.)

We have an analogous case in this Court. In *Jackson, ex dem. Onderdonk, v. Weston,* May term, 1803, the Court, according to an original note of the case, said, " that where a plaintiff· is nonsuited, and comes for a favor, to set it aside, and it is set aside, *on payment of costs,* those costs must be paid *in-stanter,* and the party who is to pay, must go and seek the other party."

Motion denied.

In *Cathcart* v. *Cannon,* manucaptor, &c. (1 John. Cas. 220 ; Col. Cas. 80, S. C.) the rule was, that the defendant be exonerated, on payment of costs, which not being paid, the plaintiff proceeded. *Curia.* The rule was *conditional,* and it was the duty of the defendant to have sought the plaintiff, and paid the costs to him, without waiting for a demand, or tender of a bill. He can only be relieved now, on paying *instanter,* &c. (*Stansbury* v. *Durell,* 1 John. Cas. 396. Col. Cas. 99, S. C. acc.) Tidd, 250, speaking of a like conditional rule, says, " It is incumbent on the defendant, (the party taking the rule) immediately to get an appointment thereon, from the master, to tax the costs, and to serve a copy of it upon the plaintiff's attorney ; and when the costs are taxed, to pay the same without delay." (2 Archb. 189, S. P.)

*Instanter.* [" *Instanter* means within 24 hours. (*Pryce* v. *Hodgson,* E. 35, Geo. III." Tidd Pr. 508, note (y). An instant is not to be considered in law, as in logic, a point of time, and no parcel of time. By intendment of law, it may be divided and applied to several purposes. (Vid. Jac. L. D. Instant. Plowd. 258, b. Co. Litt. 185, b. Vin. Abr: Instant. A. pl. 2. Show. 415.)

Connect the definition from Tidd, with the rule above laid down in *Pugsley* v. *Van Alen,* and you have the result to which C. J. Thompson came in the above anonymous case, viz. *That where a rule is granted on payment of costs, they must be paid or tendered within 24 hours.*

*It may be doubted whether the rule would admit of the construction, that the party is in contempt for not paying the costs, &c. per Cur. in Pugsley v. Van Alen.*]

It is settled, both in the K. B. and C. P. of England, that it will not admit of this construction. Thus, of paying money into Court, if the rule or order be drawn up, that *upon payment of debt and costs* within a certain time, the proceedings be stayed ; if the debt and costs be not paid within the time so limited, the plaintiff should proceed in the action ; for the rule being conditional, he cannot thereupon obtain an attachment. (*Fricker* v. *Eastman,* 11 East, 319.) This goes upon the grammatical construction of the words, and as they are understood in practice. (Id.) And this was once so in the Common Pleas; though in the particular case of paying money into Court, the form of the rule was altered so as to give an attachment. (*Scarrall* v. *Horton,* Barn: 283.) The K. B. denied the remedy by attachment upon the conditional rule of that Court, as long ago as the 18 Geo. 2, in *Hand* v. *Danely,* (2 Str. 1220,) and such appears to have been the settled practice of that Court ever since. (*Stokes* v. *Woodeson,* 7 T. R. 6. 1 Camp. N. P. Rep. 558, 559, note.)

The same practice appears to embrace all cases *where any thing is grant-ed by the Court upon terms.*

NEW YORK,
May, 1824.

Jackson
v.
Eddy.

Trin. T. 53 Geo. 3. *Dodsley* v. *Lady Hamilton*, 5 Taunt. 1.

*Best*, Serjt. had, in the last term, obtained a rule *nisi*, for setting aside an attachment which had issued against the Sheriff for not bringing in the body, and had made it absolute on payment of costs. *Vaughan*, Serjt. in this term, moved to discharge that rule, upon the ground that the defendant had never justified bail, nor taken any step, nor had paid the costs of the attachment.

*Per Curiam.* We have determined, that *where any thing is done upon terms*, the terms are in the nature of a condition precedent, and that the plaintiff may sign judgment without application to the Court. Since, therefore, the costs have not been paid to the plaintiff, the attachment stands, and he may pursue it. And they

Refused the rule.

On the other hand, where a person is ordered by rule to pay costs, and they are demanded, as in *Bradstreet* v. *Phelps*, (ante, 453,) if the costs are not paid, the Court will, as in that case, grant a rule for an attachment against him absolute in the first instance. (Vid. 1 Dunl. Pr. 345, and the cases there cited. 2 Archb. Pr. 297, and the cases there cited.) Where the plaintiff's attorney demanded the costs of the defendant, without a letter of attorney authorizing him to do so, it was deemed sufficient ; for the attorney was, in fact, entitled to the costs when received. (MS. T. 1820. 2 Archb. Pr. 297.) In this state, the attorney often appoints another to receive the costs. (Ante, 453. Dunl. 353, 4.) And in *The King* v. *C. D.*, (1 Chit. Rep. 723,) the rule was made absolute in the first instance, although four years had elapsed between the taxation and the motion, though the *allocatur* was compared to a judgment, and the attachment to an execution, and it was insisted that it was like a proceeding on a judgment after the year and day, where there must be a *scire facias;* and the Court made a difference in the two cases, and said that an execution might issue immediately, but an attachment must be preceded with actual notice, and might have been delayed by the party keeping out of the way