ALBANY,
October, 1824.

Ex parte
Stone.

## *Ex parte* STONE.

Where a suit was bro't in the C. P. and removed by the defend-ant into the supreme court by *habeas cor-pus,* and the plaintiff neg-lected to fol-low the suit here ; but brought another action for the same cause in the C. P. ; *held,* that the court below might stay the proceedings of the plaintiff in the second suit, till the costs of the first were paid.

IN a cause in the Common Pleas of *Jefferson,* between *Stone,* plaintiff, and *Hooker,* defendant, the Court made a rule that all proceedings on the part of the plaintiff be stay-ed till the costs of a previous action for the same cause against the same defendant brought in the same Court, and removed, by the defendant, into this Court by *habeas cor-pus,* be first paid. The suit upon the *habeas corpus,* not

being pursued by the plaintiff, was at an end. A motion was now made for a mandamus commanding the Court below to proceed to the trial of the cause, notwithstanding the rule.

ALBANY,
October, 1824.

Sanford
v.
Chase.

*N. Rathbun*, for the motion.

*J. Butterfield*, contra.

*Curia.* The power exercised by the Courts to stay proceedings, till the costs of a former suit for the same cause are paid, does not depend exclusively upon the question whether their collection can be enforced by execution. It is an equitable jurisdiction; and intended to prevent the vexatious multiplication of suits. (*Ginger* v. *Barnardiston*, 2 *Bl. Rep.* 904.) Here the plaintiff has voluntarily, and without shewing any excuse, forborne to pursue his action upon the *habeas corpus.* The Common Pleas were right in staying the proceedings. (*Perkins* v. *Hinman*, 19 *John.* 238. *Tidd*, 478. 1 *Dunl. Pr.* 337. 3 *B. & P.* 23, *n.*(*a*) 4 *Mod.* 379.) In *Lawrence* v. *Dickenson*, (1 *Cowen's Rep.* 580,) the plaintiff offered to proceed upon the *habeas corpus;* but the defendant refused to receive a declaration.

Motion denied.