AMMERMAN v. GALLIMORE.

NEW TRIAL.—*On Condition of Payment of Costs.*—In an action for an assault and battery and false imprisonment, the judgment against the defendant was set aside, and a new trial was granted, on condition that within thirty days he would pay the costs of the term at which said judgment was rendered.

*Held* (DOWNEY, J., dissenting), that it was error to set aside such order because the costs had not been paid as therein required.

From the Warren Circuit Court.

*M. Milford,* for appellant.

*J. McCabe,* for appellee.

WORDEN J.—The appellee sued the appellant and one Miller for assault and battery and false imprisonment. After the formation of issues, there was a trial of the cause by a jury, resulting in a verdict and judgment in favor of Miller, and in favor of the plaintiff as against Ammerman for the sum of five hundred dollars. This judgment was rendered at the February term of the court, 1873. Such proceedings were afterward had, as that, on the 17th day of the September term of the court for that year, on the application of the appellant, it was ordered that the judgment be set aside (and of course a new trial granted), " on the condition that the defendant pay the costs of the February term," etc., " at which said judgment was entered, within thirty days herefrom."

At the November term of the court for the same year, the court, on motion of the plaintiff below, set aside its former order vacating the judgment and granting a new trial, on the ground that the costs had not been paid as provided for in the order setting aside the judgment. Exception was duly taken, and the correctness of this ruling is presented by the assignment of error.

A majority of the court are of opinion that the court below erred in setting aside the former order vacating the judgment and granting a new trial, on the ground that the costs had not been paid as provided for.

The case cannot be distinguished, in principle, from that of

*Cavanaugh* v. *The Toledo, etc., R. W. Co.,* 49 Ind. 149. There, Cavanaugh, who was the plaintiff, upon being called, failed to appear, and he was defaulted, and his action was dismissed. He afterward made an application to have the default set aside. The court, on hearing the application, set aside the default on condition that he pay certain specified costs within thirty days. At the next term of the court, the railway company moved to dismiss the cause for the failure of Cavanaugh to pay the costs within thirty days. The court sustained the motion, and dismissed the cause on this ground. This court held, DOWNEY, J., dissenting, that the action of the court below was erroneous. The court, amongst other things, said : " The failure of the appellant to be present at the time set for the trial resulted in a continuance of the cause, and it would have been reasonable and proper to have adjudged against the appellant all the costs occasioned by his default. But we do not think it was proper for the court to require the actual payment of the costs within a limited time. Such a condition was unreasonable, and, in many cases, would operate oppressively and produce injustice, where parties were unable *to pay* such costs."

In the case in judgment, the order of the court setting aside the judgment which had been rendered seems to have been proper. And it was proper to require and adjudge that the appellant pay the costs. But it was not proper to require him to pay the costs within a given time as a condition on which he was to be entitled to a vacation of the judgment and a new trial. The order of the court vacating the judgment and granting a new trial assumes and is based upon the theory that the appellant was entitled to that relief. The case was doubtless such that he ought to pay the costs specified. Judgment might have been rendered for such costs, and they might have been collected as in other cases.

But we are not willing to sanction the proposition that a failure to pay the costs within a given time shall deprive a party of a right, which the law gives him, to such new trial, at his costs. Such a rule would, in many cases, deprive parties,

who are unable to meet such requirements, of their just and legal rights, and operate oppressively upon a class of citizens who are as much entitled to the benefit and protection of the law as those who are able to comply with such conditions.

We are aware that there are English authorities, and some early ones in our own State, that support such rule; but we think they are contrary to the spirit and genius of the age, and not in harmony with the general law of the land.

No analogy can be drawn from the law in respect to actions brought to recover real estate, as in those actions a party is entitled to have a judgment against him set aside and a new trial granted, without showing any cause therefor and as a matter of right, upon the payment of costs; and the legislature has prescribed within what time the costs shall be paid.

The judgment below, at the November term, 1873, setting aside its former order vacating the judgment and granting a new trial, is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Downey, J.—I do not agree to the foregoing opinion. I think the court may, in a proper case, require the payment of costs as a condition on which it will award a new trial. If this is required to be done in a specified time, and the party fail to make the payment within the time, the court may adjudge that the party has forfeited his right to the new trial. This has been the undisputed law of this State since the decision of the case of *Moberly* v. *Davar*, 5 Blackf. 409. That case was recognized as good law, in a case to which it was applicable, in *Schrodt* v. *Bradley*, 29 Ind. 352. In *Chambers' Adm'r* v. *Bass*, 18 Ind. 3, the common pleas had granted a new trial to the defendant, " by him paying the costs of the last term of the court in ninety days." The costs were paid before the first day of the next term, but not within the ninety days, and for this reason the common pleas had rendered judgment on the verdict. The court, by Hanna, J., laid down the rule as follows, citing in support thereof the authorities mentioned:

" It appears to us the grant of the new trial was, by this

order, made to depend upon the performance of the terms of the order, namely, the payment, etc., within the time limited. In other words, that part of the order prescribed a condition precedent. Upon the failure to perform that condition, the right to the new trial, under the order, no longer existed; and the judgment was correctly rendered, in the absence of any further showing by the party applying therefor. The opposite party had a right to appeal to the record, and determine, from an examination of the same, whether he should prepare for trial or not, at the ensuing term of the court. 2 Tidd Pr. 917; *Stephenson* v. *Mansony,* 4 Ala. 317; *Somers* v. *Sloan,* 3 Harrison, 46; *Jackson* v. *Eddy,* 2 Cow. 598."

Two cases could scarcely be more alike than the case cited and that now under consideration. In that case, the condition was, that the costs should be paid within ninety days. In this case, the condition was, that they should be paid within thirty days. Each order required the payment of costs of the preceding term. In each case, the court, on default of the party applying for the new trial, enforced the condition and deprived the party of the new trial. It does not seem to me that the new rule to be introduced by this decision has anything in it to commend it to greater favor than the one which has been in use so long, and which is so well understood. The party who has obtained his verdict may have rights which should be protected, as well as the party against whom the verdict has been found. This is not a question between classes of citizens. On the contrary, the man of small means may have expended them in obtaining his verdict against the man of large means. Shall he lose his verdict, and be compelled to renew the contest, empty-handed, with his more powerful adversary? But it is said the English authorities and the cases in this court " are contrary to the spirit and genius of the age." The first and main object of society in the establishment and maintenance of courts is, that exact justice shall be done between litigants. Next in importance to this is, that there be an end to litigation. *Interest reipublicæ ut sit finis litium,* is the maxim which has come down to us from other

ages, but which is as fresh and as much entitled to respect now as it ever was. The spirit of the age is not a spirit of litigation. In my judgment, the circuit court did not err in enforcing the condition upon which the new trial was granted.