## SUNMAN v. BREWIN.

PRACTICE.—*New Trial.—Costs.*—The defendant in an action having moved for a new trial for cause, the plaintiff consented that a new trial should be granted upon such terms as the court in its discretion might think just.

*Held*, that, in granting such new trial at the costs of the defendant, it was error to require the payment of the costs within a certain time.

SAME.—*Husband and Wife.—Action Founded on Tort of Wife.—Death of Husband Before Judgment.*—Action against husband and wife for slanderous words spoken by the wife; after verdict and before further proceedings, the male defendant died, and his death was suggested to the court.

*Held*, that the widow was liable to judgment against her alone.

AMENDMENT.—*Slander.*—On the trial of an action for slander, the court permitted the plaintiff to amend the complaint by inserting, instead of the words, "Jennie (meaning plaintiff) is a nasty, dirty whore," the words, "she (meaning plaintiff) is a dirty whore."

*Held*, that there was no error in permitting the amendment.

STATUTE OF LIMITATIONS.—*Slander.—Infancy of Plaintiff.*—To a complaint for slander, alleging the infancy of the plaintiff, it is not a good answer that the defendant has not been guilty within two years next before the commencement of the action.

PLEADING.—*Slander.—Justification.*—In an action by a female for slanderous words containing a general imputation of whoredom against the plaintiff, an answer of justification was bad which, not alleging any specific act of whoredom on the part of the plaintiff, alleged that she was of notorious bad character for chastity, and that the words charged in the complaint were true.

From the Ripley Circuit Court.

*E. P. Ferris*, for appellant.

*J. D. Miller*, for appellee.

DOWNEY, J.—Action by the appellee against Thomas W. Sunman and the appellant for slanderous words alleged to have been spoken by the appellant, she being the wife of the said Thomas W. Sunman. The complaint is in three paragraphs.

In the first, the words are alleged to have been spoken in a conversation with Ann Nicely; in the second, in a conversation with Alice Stohlman; and in the third, in a conversation with Charles Vanzile. The words in every paragraph of the complaint impute to the appellee unchaste con-

duct. The defendants separately and jointly demurred to each paragraph of the complaint and to each of the sets of words. The demurrers were overruled, except as to the last set of words in the third paragraph of the complaint, and to this set the demurrer was sustained.

The defendants answered:

1. The general denial.

2. That the defendants were not guilty within two years.

3. That at the time of the speaking of the words as charged in the complaint, and before, the plaintiff was a person of notorious bad character for chastity, and that the words and declarations as charged in the complaint were true; wherefore, etc.

Demurrers to the second and third paragraphs of the answer were overruled, and the plaintiff replied by a general denial.

A trial by jury resulted in a general verdict for the plaintiff and answers to questions propounded to the jury, as follows:

"1. Did the defendant Harriet speak any of the words set out in the complaint? Answer. Yes.

"2. If yea is answered to the first interrogatory, set out the said words you find proven. Answer. She is a dirty whore.

"3. Were any words charged spoken in a conversation with Ann Nicely? If so, state what words; set them out. Yes. She is a dirty whore.

"4. Were any of the words charged spoken in a conversation with Charles Vanzile? If so, state what words; set them out. Answer. No.

"5. Did the plaintiff before the bringing of this suit, at any time, have sexual intercourse with any person, and if so, whom? Answer. No."

At this point in the case, the death of Thomas W. Sunman, since the return of the verdict, was suggested by the appellant, and thereupon she moved the court for a judgment in her favor on the special questions of fact as to the

second and third paragraphs of the complaint, and also for a judgment in her favor on the special verdict of the jury. This motion was overruled. The appellant then moved the court for a new trial for reasons specified in the written motion; whereupon the plaintiff offered the defendant a new trial upon such terms as the court in its discretion might deem just. The court granted the new trial, on the payment of all costs by the appellant within sixty days. To the granting of the new trial on the payment of costs the appellant excepted, and demanded a new trial without the payment of costs, which the court refused, and she again excepted.

The appellant then moved in arrest of judgment, for the reasons:

1. Of the insufficiency of the complaint.

2. Because Thomas W. Sunman, one of the defendants, departed this life since the jury returned into court their verdict, and before the filing of the motion for a new trial, and hence the court has no jurisdiction of the person of the said Harriet Sunman. This motion was likewise overruled by the court. Thereupon the court rendered final judgment for the plaintiff, but provided therein that the judgment should be vacated and a new trial granted upon the payment of all costs by the defendant within sixty days from that date. The evidence and instructions of the court are in the record by a bill of exceptions.

The errors assigned are the following:

1. Overruling the demurrers to the complaint.

2. Overruling the motion for a new trial.

3. Overruling the motion in arrest of judgment.

4. In refusing to render judgment in favor of the appellant on the special verdict of the jury as to the second and third paragraphs of the complaint.

5. In rendering a judgment against Harriet Sunman on a complaint against Thomas W. Sunman and wife, after his death.

6. Refusing to grant a new trial as a matter of right,. except on the payment of costs.

There are other specifications in the assignment of errors. by the appellant, but we need not notice them any more particularly.

The appellee has filed a denial of the errors assigned by the appellant, and has also assigned, as cross errors, the overruling of the demurrers to the second and third paragraphs of the answer.

1. It is conceded by counsel on both sides, as we understand the briefs, that the words which the jury found to have been spoken are contained in the first paragraph of the complaint, as amended, and also that the set of words found by the jury to have been spoken is actionable. It would appear, therefore, to be unnecessary to decide whether the words set out in the second and third paragraphs, or the words in the first paragraph not spoken, are actionable or not. The jury were required to say what words set out in the complaint had been spoken by the defendant, and to set out the words. This they did, and in doing this impliedly found that the other words had not been spoken, or that the evidence did not show that they had been spoken. Hence we do not deem it important to spend any more time in the examination of this alleged error. Nor need we examine the third alleged error relating to the motion in arrest of judgment, so far as it questions the sufficiency of the complaint. The jury found expressly that none of the words. alleged in the third paragraph were spoken.

2 and 6. Various reasons for a new trial are stated in the motion, but we do not consider it necessary to examine them in detail. We think the question is not whether or not a new trial should have been granted, but whether or not the court should have imposed the condition requiring the payment of the costs within a limited time. The defendant demanded a new trial, assigning various reasons therefor.. The plaintiff consented that the new trial should be granted upon such terms as the court in its discretion might think.

just. It is plainly implied in this agreement that there was cause for a new trial; but whether it should be granted at the costs of the defendant, or by allowing the costs to abide the event of the suit, was referred to the court for its decision. This question was not submitted to the uncontrolled discretion of the court, but must be decided according to law, as in any other case.

The court came to the conclusion that the defendant must take the new trial at her own costs. To this extent there was no error, that we can see, in the action of the court. But the court went further, and ordered that the costs should be paid in sixty days. According to the ruling of this court in *Cavanaugh* v. *The T., W. & W. R. W. Co.*, 49 Ind. 149, and *Ammerman* v. *Gallimore*, 50 Ind. 131, this was an error.

3 and 5. These alleged errors cannot avail the appellant. Counsel say, "this action was brought against Thomas W. Sunman for words spoken by the wife, because he was liable for the torts of the wife, and, had he lived until after judgment, the judgment would have been rendered against him alone; hence we think the complaint did not state a cause of action against her; and, if so, does his death authorize the plaintiff to proceed to final judgment against his wife alone?"

We think this is a misapprehension of the law of the case. Had the husband lived until judgment was rendered, it would have been rendered against both of them, and would have been first levied of the lands of the wife. 1 G. & H. 374, sec. 4. It is true, the husband would have been liable, if the judgment could not have been made out of the lands of the wife. The cause of action was against the wife, as well as against the husband. He having died, the wife was liable to a judgment against her alone. *Bennifield* v. *Hypres*, 38 Ind. 498.

The court permitted an amendment of the complaint, during the trial, by making a change in the words of one of the sets contained in the first paragraph. The words, as they originally stood, were these: "Jennie (meaning plaintiff) is

a nasty, dirty whore." As amended, they were: "She (meaning plaintiff) is a dirty whore." We think there was no error in allowing this amendment. *Lister* v. *McNeal*, 12 Ind. 302.

Having come to the conclusion that a new trial should have been granted, without requiring the actual payment of the costs as a condition precedent, and consequently that the judgment ought to be reversed, we next examine the cross errors assigned by the appellee.

The second paragraph of the answer is as follows:

"The defendants, for further answer, say they were not guilty of the said supposed grievances set out in the complaint, or of any of them, at any time within two years next before the commencement of this suit. Wherefore," etc.

The ruling of the court, in holding this paragraph of the answer to be a good bar to the action, was clearly erroneous. The complaint alleges that the plaintiff is an infant. This paragraph of the answer, without controverting that fact, says the defendants were not guilty within two years. The statute did not run against the infant. 2 G. & H. 161, sec. 215. *Johnson* v. *Pinegar*, 41 Ind. 168, is exactly in point.

The third paragraph of the answer is as follows:

"For third and further answer, defendants say, at the time of the speaking of the words, as charged in the complaint, and before, the plaintiff, Jennie B. Brewin, was a person of notorious bad character for chastity, and that the words and declarations, as charged in the complaint, were true. Wherefore," etc.

We think the demurrer to this paragraph should have been sustained.

The trial of the cause, as shown by the bill of exceptions, is an illustration of the evils resulting from such a mode of pleading a justification. Under this answer, the defendant went into a general examination of the character and conduct of the plaintiff from the time she was ten years of age.

Without deciding that there is no slanderous charge that

may not be justified by a simple allegation that the words spoken were true, we are clearly of the opinion that in this case such a form of justification as that adopted cannot be held sufficient.    It is unfair to a plaintiff, and inconvenient to everybody connected with the trial of the cause.    Assuming that the words spoken were those found by the jury to have been spoken, the defendant should have been held to the allegation and proof of some specific act or acts of whoredom on the part of the plaintiff, in justification.    Such a justification, when pleaded, would be notice to the plaintiff of the particular act or acts relied upon, and would enable the court to confine the inquiry to some reasonable and proper bounds.    It is necessary, although the libel or slander contain a general imputation upon the plaintiff's character, that the answer should state specific facts, showing in what particular instances, and in what exact manner, he has misconducted himself.    Chit. Plead., vol. 1, p. 494, star paging. If the charge contained in the slander is specific, the defendant need not then further particularize.    See form 31, 2 G. & H. 380.

The errors of the court in overruling the demurrers to the second and third paragraphs of the answer having been committed at a point in the history of the case prior to the error in refusing the new trial, the reversal must extend back to, and include, these rulings, and consequently carry costs against the appellant in this court and in the circuit court back to that point.

The judgment is reversed, at the costs of the appellant, and the cause remanded, with instructions to grant a new trial and to sustain the demurrers to the second and third paragraphs of the answer.