## THE STATE, EX REL. CURTIS, *v.* HOWE.

COSTS.—*Renewal of Action Voluntarily Dismissed.—Order Staying Proceedings until Costs are Paid.—Mandamus.—Presumption.*—A plaintiff who had voluntarily dismissed his action, and withdrawn his complaint, immediately refiled the same complaint, whereupon the court, upon being satisfied that the costs of the first action had not been paid, and that the plaintiff was insolvent, ordered that the proceedings in the second action should be stayed until such costs had been paid.

*Held*, in a proceeding to compel the judge of such court, by mandate, to proceed with the trial of such action, that the order staying proceedings was proper.

*Held*, also, the contrary not being shown, that it is presumed that the second action was vexatiously brought.

From the Marion Superior Court.

*D. V. Burns* and *C. S Denny*, for appellant.

*C. Baker, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellee.

WORDEN, J.—This was an alternative writ of mandate, issued by the Marion Superior Court at general term, in the name of the State of Indiana, upon the relation of Lyman W. Curtis, against the Hon. Daniel W. Howe, one of the judges of that court, the object of which was to require him to proceed with the trial of a certain cause pend-

ing before him in said court, at special term, in which the relator herein was plaintiff, and one Marcus L. Hare was defendant.

The defendant, Howe, made return to the writ, and such proceedings were thereupon had as that a writ of mandate was refused, and judgment was rendered for the defendant for his costs.

The following facts may be gathered from the petition, writ, return thereto and affidavit filed.

On the 28th day of June, 1877, there was pending in room No. 1 of said court (not before Judge Howe, as we infer), an action wherein said Lyman W. Curtis was plaintiff, and said Marcus L. Hare was defendant, the object of which was to set aside a sheriff's sale of chattels, on account of alleged irregularities in making the same.

On the day last above named, the plaintiff in that action dismissed the same, and judgment was rendered for the defendant for his costs. An execution was afterward issued for the costs, to the sheriff of Marion county, who, finding nothing upon which to levy, returned it unsatisfied.

The costs have not been paid, and the relator is believed to be insolvent.

After the dismissal of said action, the plaintiff therein, on leave obtained, withdrew his complaint therein, and refiled it, and the defendant therein appeared to the new action, and filed a demurrer to the complaint.

This new action was assigned to room No. two (2), in which Judge Howe presided. Upon the application of the defendant in that action, and upon a showing of the facts, Judge Howe made an order " to stay the proceedings herein, until the plaintiff shall pay the costs in the former proceeding." This new action is the one in which it is sought to compel Judge Howe to proceed, and these are the facts relating thereto.

Without stopping to consider any question in the cause, other than that arising upon the correctness of the ruling of Judge Howe in making the order to stay proceedings in the action until the costs in the former action should be paid, we may say, that we do not think there was any error in that order; and we are of opinion, therefore, that the court below committed no error in refusing the peremptory mandate, and in rendering judgment in favor of the defendant, for costs.

It is said in Bicknell's Civil Practice, 2d ed., p. 158, that, " Where a second action is vexatiously brought by and between the same parties for the same cause, the court will, by order, stay the proceedings on the second action, until the costs of the former action be paid. 1 Cowp. 322."

The rule is abundantly sustained by the following, among other, authorities : *Weston* v. *Withers*, 2 T. R. 511 ; *Henderson* v. *Griffin*, 5 Pet. 150 ; *Flemming* v. *The Pennsylvania Ins. Co.*, 4 Pa. State, 475 ; *Altman* v. *Altman*, 12 Pa. State, 246 ; *Sooy* v. *M'Kean*, 4 Halst. 86 ; *Cooper* v. *Sheppard*, 4 Halst. 96 ; *Swing* v. *The Inhabitants, etc.*, 5 Halst. 58 ; *McIntosh* v. *Hoben*, 11 Wis. 400 ; *Cuyler* v. *Vanderwerk*, 1 Johns. Cas. 247 ; *Perkins* v. *Hinman*, 19 Johns. 236 ; *Ex parte Stone*, 3 Cow. 380 ; *Kentish* v. *Tatham*, 6 Hill, 372.

In 2 Wait's Practice, 620, it is said, that " Unless the plaintiff can make it appear that his proceedings have not been vexatious the order to stay being granted in all cases on the presumption that they are so."

As we have seen, the plaintiff voluntarily dismissed his first action, and there was nothing shown to remove the inference that, in doing so, and in commencing another action, he was acting vexatiously. The case falls exactly within that of *Cuyler* v. *Vanderwerk*, *supra*, in which the court said :

" The plaintiffs having voluntarily suffered a nonsuit

in the first suit, the second is to be deemed vexatious and the defendant is never too late, pending the second suit, before trial, to make his application to stay the proceedings."

The case of *Ex parte Stone, supra,* was much like the present. Stone brought an action against Hooker, in the court of common pleas, which was removed to the Supreme Court by *habeas corpus.* The suit thus removed upon *habeas corpus* was not pursued by the plaintiff, but was at an end. Stone then commenced another action against Hooker, in the court of common pleas, for the same cause, and the court made an order to stay the proceedings in the latter action until the costs in the former action should be paid. A motion was made in the Supreme Court for a mandamus commanding the court below to proceed with the trial, notwithstanding the rule. The court said: "The power exercised by the Courts to stay proceedings, till the costs of a former suit for the same cause are paid, does not depend exclusively upon the question whether their collection can be enforced by execution. It is an equitable jurisdiction; and intended to prevent the vexatious multiplication of suits. *Smith* v. *Barnardiston,* 2 Bl. Rep. 904. Here the plaintiff has voluntarily, and without shewing any excuse, forborne to pursue his action upon the *habeas corpus.* The Common Pleas were right in staying the proceedings." Motion for mandamus denied.

The appellant claims, however, that the order of Judge Howe staying the proceedings until the costs in the former action should be paid was inconsistent with the rulings of this court in the cases of *Cavanaugh* v. *The Toledo, etc., R. W. Co.,* 49 Ind. 149, *Ammerman* v. *Gallimore,* 50 Ind. 131, and *Sunman* v. *Brewin,* 52 Ind. 140.

We, however, are of a different opinion. In neither of the cases cited was there any question involved as to a vexatious multiplicity of suits for the same cause of action.

In the case in 49 Indiana, it was held, that the party seeking relief from a judgment, under the 99th section of the code, might be required, as the condition upon which relief would be granted, to pay the costs occasioned by his default; but that he could not be required to pay them within a limited time, or forego the relief. The case does not appear to us to be at all parallel with that under consideration.

A party is only entitled to relief under the section of the code mentioned, where the judgment against him has been taken "through his mistake, inadvertence, surprise, or excusable neglect;" and, where he shows such a case, there is, perhaps, no good reason for requiring him to pay the costs within a limited time. He has not vexatiously multiplied suits, to the annoyance or injury of his adversary. Besides this, in the case under consideration, there was no order that the costs should be paid within a specified time.

In the case of *Ammerman* v. *Gallimore, supra,* the defendant moved for a new trial, which the court granted on condition that he paid certain costs within thirty days. This court said: "It was proper to require and adjudge, that the appellant pay the costs. But it was not proper to require him to pay the costs within a given time as a condition on which he was to be entitled to a vacation of the judgment and a new trial. The order of the court vacating the judgment and granting a new trial assumes and is based upon the theory that the appellant was entitled to that relief. * * * We are not willing to sanction the proposition that a failure to pay the costs within a given time shall deprive a party of a right, which the law gives to him, to such new trial, at his costs. Such a rule would, in many cases, deprive parties, who are unable to meet such requirements, of their just and legal rights, and operate oppressively upon a class of citizens who are

as much entitled to the benefit and protection of the law as those who are able to comply with such conditions."

This case is no more analogous to the one under consideration than that before noticed.

The case of *Sunman* v. *Brewin, supra,* was like the one last above noticed, and followed it.

There was no hardship in the order made by Judge Howe, and it is fully sustained by the authorities.

The judgment below is affirmed, with costs.