GARDENIER *v.* OSWEGO MUT. SAV. & AID ASS'N *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1891.)

COSTS—STAY FOR NON-PAYMENT.

An action will not be stayed for non-payment of costs adjudged in a former action, where the grounds of relief in the two actions are not identical.

Appeal from special term, Oswego county.

Action by Wilson H. Gardenier against the Oswego Mutual Savings & Aid Association and Edward Kelly. From an order staying all proceedings on the part of plaintiff until the payment to defendant association of costs adjudged in a former action, plaintiff appeals. Modified.

Argued before HARDIN, P. J., and MERWIN and WILLIAMS, JJ.
*Wilson H. Gardenier, in pro. per.    T. H. King,* for respondents.

HARDIN, P. J.   In *Ex parte Stone,* 3 Cow. 380, it was said that the power exercised by the courts to stay proceedings is one of "equitable jurisdiction, and intended to prevent the vexatious multiplication of suits." In *Barton* v. *Speis,* 73 N. Y. 133, it was said: "This power is one of equitable cognizance over suitors to prevent a multiplicity of actions, and harassing and oppressive litigation." In *Richardson* v. *White,* 27 How. Pr. 155, it was said that "the rule is the same in personal actions as in actions to recover real property." In *Griffin* v. *Association,* 26 Hun, 314, it was said that "an assignee of a chose in action, not negotiable, takes the demand subject to all equities existing between the parties to the contract. He stands in precisely the same position as his assignor." And it was held that the power to stay was properly exercised in requiring the plaintiff to pay the costs of the former action by his assignor, brought upon the same cause of action. In *Kentish* v. *Tatham,* 6 Hill, 372, it was held that "where a defendant is sued a second time for the same cause of action, though in conjunction with others who were not parties to the first suit, the court will order the plaintiff's proceedings to be stayed until the costs of the first suit are paid." Applying the rule derived from the cases to which reference has already been made, we are of the opinion that the special term properly required the plaintiff to pay the costs in the action brought by John E. Peterson, amounting to the sum of $46.82.

2. In the action brought by Gardenier against the Oswego Mutual Savings & Aid Association, the plaintiff sought to recover of the defendant upon two grounds:   (1) "That the defendant omitted, for the years 1886 and 1888, to make to the superintendent of the banking department the report required by section 2 of chapter 564 of the Laws of 1875; (2) that the defendant has violated the law of the state, in its manner of disposing of its shares, and in its dealings with its shareholders, and in its manner of doing its business." Plaintiff failed to establish either of the grounds upon which his claim for relief was based, and his complaint was dismissed on the merits.   We think the grounds for relief in that case were not identical with the grounds for relief in the present action.   We cannot say that the present action, and the one to which reference has just been made, "each invoke the equitable powers of the court to the same end."   We therefore think that action did not fall within the rule found in the cases to which we have referred.

3. The burden of proof that the second suit is not vexatious is upon the plaintiff.   *Demarest* v. *Wynkoop,* 2 Johns. Ch. 461; *Kerr* v. *Davis,* 7 Paige, 53; *Lawrence* v. *Dickenson,* 2 Cow. 580.   As to the *Peterson Case,* the special term has found upon that question, and we are not disposed to disturb its finding.   It follows from the foregoing views that the order appealed from should be modified by striking therefrom the requirement to pay the sum of $66.26, with interest thereon from February 26, 1891.   Order modified by striking therefrom the words, "and also the sum of $66.26, with interest thereon from February 26, 1891; judgment for costs of last-mentioned date in the action of Wilson H. Gardenier against the said association,"—and, as so modified, affirmed, without costs to either party of this appeal.   All concur.