## Mull v. McKnight

SLANDER.—*Answer in Justification.— Uncertainty.*—In an action for slander in charging the plaintiff with having committed perjury as a witness in one of two lawsuits wherein he had testified, the defendant answered in justification, alleging that the plaintiff, in testifying in a lawsuit, as to a particular material fact, specified, had contradicted his evidence as a witness in a previous lawsuit, concerning the same fact, which was material in that suit also.

*Held*, on demurrer, that the answer is insufficient, for uncertainty.

SAME.—*Statement of Clerk—no Part of Record.—Evidence.—Supreme Court.*—The minutes of the clerk, in such case, showed that the plaintiff, on the conclusion of his evidence, had withdrawn part of the paragraphs of the complaint, and that thereupon the cause was submitted to the jury by agreement of the parties, without any evidence for the defendant, and without argument.

*Held*, that such statement by the clerk forms no part of the record, and therefore, in the absence of the evidence from the record, the Supreme Court can not say that the plaintiff had not been harmed by the overruling of his demurrer to such insufficient answer.

From the Washington Circuit Court.

*H. Heffren*, *S. B. Voylcs* and *J. A. Zaring*, for appellant.
*A. B. Collins*, for appellee.

NIBLACK, J.—This was an action of slander by William Mull, against Thomas McKnight. The complaint was in three paragraphs, but, before the trial was concluded, the plaintiff dismissed the action as to the first and second paragraphs.

The third paragraph averred that there had been two trials,—one before one Horace L. Gray, and the other before one William Cooper, both justices of the peace,—in both of which trials the plaintiff had testified as a witness, and that the defendant had uttered words charging the plaintiff with having committed perjury upon one or the other of such trials.

To that paragraph the defendant answered :

1. In general denial ;

2. That it was true that the plaintiff, in one case or the other mentioned in the said third paragraph of the complaint, did wilfully swear to a falsehood; that, before the speaking of the words charged in said paragraph, a certain issue at law came to trial before one Horace L. Gray, a justice of the peace in and for the county of Washington and State of Indiana, in an action then pending before said justice, wherein one Adaline Howell was plaintiff, and one Thomas Mull was defendant, of which action the said justice then and there had jurisdiction ; that upon said trial, before said justice and a jury, the plaintiff was sworn as a witness by said justice, and testified on behalf of said defendant, Thomas Mull, in said action ; that said Adaline Howell also testified in said action ; that thereupon the said Thomas Mull endeavored to impeach the character of the said Adaline Howell; that the plaintiff then and there testified that he lived and resided within four miles of the said Adaline Howell,

and that the said Adaline Howell was a woman of good reputation in the neighborhood in which she resided ; that she resided in said county of Washington and four miles from him, said plaintiff; that the distance between the residences of the said Adaline Howell and the plaintiff was material to the issue, as such distance would show the opportunity which the plaintiff had had of becoming acquainted with the said Adaline Howell and her reputation ; that afterward there was prosecuted before one William Cooper, also a justice of the peace in and for Washington county in said State, a certain action, wherein the State of Indiana, on the relation of the said Adaline Howell, was plaintiff, and one Thomas Coker was defendant, being a prosecution for bastardy, and the said action coming on to be tried before the said last named justice, the plaintiff, William Mull, was duly sworn as a witness by said justice in said action ; that, during the trial of said cause, the said Thomas Coker attempted to impeach the reputation of the said Adaline Howell, who had also been sworn and had testified upon such trial ; that the plaintiff then and there testified in said action that the said Adaline Howell was a woman of good reputation in the neighborhood in which she resided ; that she resided in said county of Washington, and that he resided within two miles of her place of residence ; that the distance between the places of residence of the said Adaline Howell and the plaintiff was a material question in said cause, as such distance would show the opportunity which had been afforded the plaintiff of becoming acquainted with the said Adaline Howell and her reputation ; that the plaintiff and the said Adaline Howell resided in the same places at the time of the second mentioned trial, as they did at the time of the first above mentioned trial ; that whatever words were spoken as charged in said third paragraph of the complaint, in relation to the testimony of the plaintiff on said trials, were

spoken with reference to his statements as such witness, in regard to the distance between his place of residence and that of the said Adaline Howell, and were so understood by those who heard said words; that the plaintiff, William Mull, at said county of Washington and State of Indiana, in his testimony in the said action of Thomas Mull, against Adaline Howell, before the said Horace L. Gray, as aforesaid, or in his testimony in the aforesaid action of the State of Indiana, upon the relation of the said Adaline Howell, against Thomas Coker, before the said William Cooper, justice as aforesaid, did wilfully, corruptly or falsely swear touching a matter material to the point in question, and, in one or the other of said actions, was guilty of perjury.

There was a demurrer to this second paragraph of answer, which was overruled, and, issue being joined, the cause was tried by a jury, the trial terminating in a verdict and judgment for the defendant.

Error is assigned upon the overruling of the demurrer to the second paragraph of answer as above stated, and upon the refusal of the court to grant a new trial.

Although the truth of the words charged to be slanderous may be shown in defence, yet, to make an answer in justification good, it must specifically point out the acts of which the plaintiff was guilty, that the court may see whether the defendant was justified in speaking the words complained of. *De Armond* v. *Armstrong*, 37 Ind. 35; 1 Chitty Pleading, 522; *Sunman* v. *Brewin*, 52 Ind. 140.

If the words spoken of the plaintiff charge him with perjury, a plea in justification must state facts sufficient to constitute perjury. 5 Wait's Actions and Defences, 758; *Hutts* v. *Hutts*, 62 Ind. 214.

An indictment or information must be direct and certain, as regards the party and the offence charged. 2 R. S. 1876, p. 384, sec. 55.

An answer in justification of the speaking of alleged

slanderous words, which imputes the commission of a crime to the plaintiff, must be equally direct and certain.

In the case before us, the defendant, having charged the plaintiff with the crime of perjury in one or the other of two cases, as he impliedly admits he did in his answer in justification, had his election as to the case upon which he should base his charge of perjury in bar of the action, if he desired to plead the truth of the words spoken, but it was evidently incumbent upon him to make his election as between the two cases and to frame his answer accordingly.

The paragraph of answer under consideration, failing to elect as to the case to which it was intended to apply, was obviously and flagrantly bad for uncertainty. As to that we see no ground for serious controversy.

Other supposed defects and uncertainties in the paragraph have been pointed out, but we will not now inquire whether such paragraph may not also have been bad for other reasons.

The clerk of the court below, in his record entry of the proceedings in this cause, after noticing the empanelling of the jury and the commencement of the trial, says :

"And during the progress of said trial, and before the plaintiff had concluded his testimony in support of his cause of action, and before any testimony had been introduced by said defendant, and after the court had ruled out certain testimony offered by plaintiff and claimed by him to be material to him in support of his said cause, the plaintiff dismisses his first and second paragraphs of complaint without prejudice, and this cause, without the introduction of any further testimony, is submitted to the jury, on the issues arising upon the third paragraph of [the] complaint alone, without argument, and the said jury, without retiring, return their verdict in open court," etc.

The appellee argues that, conceding the paragraph in justification to have been bad, yet, as the record entry, set out as above, affirmatively shows that no evidence was introduced under such paragraph, the appellant was not injured by the overruling of his demurrer to it, the error, if any, thus committed, being a harmless error.

No question can be raised upon the evidence in this court, unless the evidence is brought into the record by a proper bill of exceptions.    It is not sufficient for the judge to certify what the evidence proved or tended to prove, nor the general nature or character of the evidence.    Much less will general statements as to the evidence by the clerk suffice.    The evidence itself must be set out as it was given upon the trial.    *Anderson* v. *Lane,* 32 Ind. 102.

What is said in the record entry, as above, as to the character, quantity and extent of the evidence introduced upon the trial, and the reasons which were supposed to control the appellant in the course he adopted in the management of his cause, are mere statements of the clerk, outside of the usual course of judicial proceeding, and can not be considered a part of the record, for any practical purpose, in this court.

We are consequently unable to hold that the error complained of was a harmless error.

The appellant complains of the rejection of certain proposed evidence on account of which he insists he ought to have had a new trial.    But there is no bill of exceptions in the record reserving an exception to the rejection of such evidence, nor is the evidence in the record.    No question is, therefore, presented upon the alleged rejection of evidence.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.