No. 12,754.

## FUNK v. BEVERLY.

SLANDER.— *Words not Actionable Per Se.*—The words "I know all about that case; while she was out there claiming to be the wife of George W. Funk, she was back here claiming to be my wife," do not impute a want of chastity and are not actionable *per se*.

SAME.—*Justification.—Insufficient Answer.*—An answer by the publisher of libellous words that he heard them from another, and that it is true that he did hear them, is not a justification; but to constitute a justification it must be averred that the plaintiff was guilty of the wrong or crime imputed by the words used.

From the Warren Circuit Court.

*J. G. Pearson* and *W. P. Rhodes*, for appellant.

*I. E. Schoonover* and *W. B. Reed*, for appellee.

ELLIOTT, J.—The alleged slanderous words given as the cause of action in the third paragraph of the appellant's complaint are these : "I know all about that case ; while she was out there claiming to be the wife of George W. Funk, she was back here claiming to be my wife." These words do not impute a want of chastity and are not actionable *per se*. *Emmerson* v. *Marvel*, 55 Ind. 265 ; *Schurick* v. *Kollman;* 50 Ind. 336 ; *K—* v. *H—*, 20 Wis. 239. The court did right in sustaining the demurrer to the third paragraph of the complaint.

The fourth paragraph of the complaint charges that the defendant wrote and published of the plaintiff, among other libellous words, the following: "That the defendant was approached by one William Washburne, who was then a single man living near Attica, Indiana, and was told by said Washburne that he, Washburne, had been with said Melissa Funk at a camp-meeting at Meharry's grove in the fall of 1870, and while there he had taken said Melissa Funk into a tent by themselves and had laid in there with her, and said Washburne gave the defendant to believe that he had intercourse with her, and when defendant asked him if it was true that he had intercourse with her, he, Washburne, admitted that he had." Other libellous words are alleged, but we do not now deem it necessary to quote them.

The first paragraph of the answer is intended as a plea of justification and is addressed to the entire complaint. It avers generally that the words spoken and written by the defendant were true, and then proceeds specifically to affirm their truth. So far as concerns the libellous words quoted from the complaint, the specific allegations of the answer are these: "That he was also approached by William Washburne, then a single man, and was told by him that he, Washburne, had been with plaintiff at a camp-meeting at Meharry's grove in the fall of 1870, and that, while there, he had taken the plaintiff into a tent by themselves and had laid in there with her, and said Washburne gave the defendant to believe that he had intercourse with her at said camp-meeting, and when this defendant asked him if it was true that he had intercourse with her, he said he had."

In the concluding part of the answer it is alleged: "So that all the words charged to have been spoken and published by defendant of and concerning plaintiff were and are true in the sense in which it is alleged they were spoken."

It is clear that this answer does not aver that the appellant did in fact have carnal intercourse with Washburne; it goes no further than to assert that Washburne did tell the

defendant that such intercourse did take place. The theory of the answer is, that the defendant is justified because he repeated what was told him, and that it was true that he was told what he repeated. The truth of the charge against the appellant is not affirmed; nothing more is affirmed than that it is true that Washburne did tell the defendant what he repeated in his written and oral statements. There is no justification of the charge against the chastity of the appellant, for there is no averment that the charge is true, but the averment is, in effect, that the truth is, that Washburne did speak to the defendant the words which he repeated to others.

The theory upon which the answer is constructed is radically unsound. The fact that the publisher of libellous words avers that he heard them from another, and that it is true that he did hear them, is no justification. To constitute a justification it must be averred that the plaintiff was guilty of the wrong or crime imputed to her by the libellous or slanderous words. It is the charge contained in the words that must be justified. It is not enough for the defendant to aver that it is true that he did hear the words spoken, as he asserted. If he repeats the slanderous words he must be prepared to prove their truth or suffer the legal consequences. An English author thus states the law: "Each repetition is a fresh defamation, and the defendant by repeating A. B.'s words has made them his own, and is legally as liable as if he had invented the story himself. The only plea of justification which will be an answer to the action must not merely allege that A. B. did in fact say so, but must go on to aver with all necessary particularity that every word which A. B. is reported to have said is true in substance and in fact." Odgers Libel and Slander, 172. Our own cases affirm this doctrine. *Sunman* v. *Brewin*, 52 Ind. 140; *De Armond* v. *Armstrong*, 37 Ind. 35; *Johnson* v. *Stebbins*, 5 Ind. 364.

The general rule is, that general averments in a pleading are controlled by the specific statement of facts. *Reynolds* v. *Copeland*, 71 Ind. 422; *State, ex rel.*, v. *Casteel*, 110 Ind.

174, and cases cited p. 187.  Under this rule the general statement must necessarily yield to the specific allegations, for they clearly show that the original libellous charge is not justified, but that the justification is of the truth of the statement that the libellous words were spoken to the defendant by Washburne.  This rule of pleading applies with peculiar force to a plea of justification, for, as said in *Mull* v. *McKnight*, 67 Ind. 535, " to make an answer in justification good, it must specifically point out the acts of which the plaintiff was guilty, that the court may see whether the defendant was justified in speaking the words complained of."

