Filed Nov. 27, 1894.

------◆------

No. 17,008.

MILLER *v.* McDONALD ET AL.

HARMLESS ERROR.—*Overruling Demurrer to Paragraph of Answer.— Trial and Finding on Another Paragraph.*—The overruling of a demurrer to a second paragraph of answer, if error, was harmless where the trial and the special finding in favor of the defendants were upon the first paragraph of answer.

SUPREME COURT PRACTICE.—*Answer Questioned for First Time on Appeal.*—The sufficiency of an answer can not be questioned for the first time on appeal.

LIBEL.—*Defense.—Justification.— Sufficiency of Evidence.—When Evidence not Broad Enough.*—Where an answer set up in an action

for libel is that of justification, the same objection that might be urged against the answer, viz., that it is not broad enough to justify the charge published, may be urged against the sufficiency of the evidence.

From the Marshall Circuit Court.

R. B. Oglesbee, for appellant.

S. Parker and C. Kellison, for appellees.

HACKNEY, C. J.—The appellant sued the appellees for libel.

The two paragraphs of answer were, first, justification; and, second, that the publication was privileged.

The fact appears from the record, and is conceded by counsel, that the trial and special finding of the court in favor of the appellees were upon the appellees' first paragraph of answer. The action of the court, therefore, in overruling appellant's demurrer to the second paragraph of answer was harmless. Miller v. Rapp, 135 Ind. 614; Evansville, etc., R. R. Co. v. Maddux, 134 Ind. 571; McComas v. Haas, 93 Ind. 276.

The sufficiency of the first paragraph of answer is urged in this court for the first time, and, not having been challenged in the lower court, it can not be attacked in this court. Chicago, etc., R. R. Co. v. Modesitt, 124 Ind. 212; Elliott's App. Proced., sections 476–480.

A further question is made upon the sufficiency of the evidence to sustain the finding in favor of the appellees. Did the evidence justify the publication? The complaint alleged the publication, with editorial comment, of a complaint for divorce by a husband, in which he charged his wife generally with having at divers times and places frequently committed adultery with the appellant, and, especially, with having, at a particular time and place, committed adultery with the appellant.

One objection urged against the evidence is that it

wholly fails to support the specific charge of adultery. If the question were one of pleading, there could be no doubt that the justification should be "as broad as the charge and of the very charge attempted to be justified." Townshend Slander and Libel, section 212, p. 362; *Heilman* v. *Shanklin,* 60 Ind. 424; Newspaper Libel (Merrill), p. 232.

"If the justification does not cover the slander to the full extent, the plaintiff will be entitled to recover for the excess not justified." *Tull* v. *David,* 27 Ind. 377; *Heilman* v. *Shanklin, supra.*

The general charge of frequent acts of adultery, as a question of pleading, could only have been justified by allegations of specific acts, that the court might judge of their sufficiency and the plaintiff might be advised what he would be required to meet upon the trial. *Johnson* v. *Stebbins,* 5 Ind. 364; *DeArmond* v. *Armstrong,* 37 Ind. 35; *Sunman* v. *Brewin,* 52 Ind. 141; *Mull* v. *McKnight,* 67 Ind. 535; *Funk* v. *Beverly,* 112 Ind. 190; *Sharpe* v. *Stephenson,* 12 Ired. 348; Townshend Slander and Libel, 314.

Though the appellant is denied the right to question the sufficiency of the answer, it is the opinion of a majority of the court that he may urge to the sufficiency of the evidence, the same objection sought to be made against the answer, namely, that it is not broad enough to justify the charge published.

We have cases holding that evidence establishing a bad answer will not uphold a judgment for the defendant. *Freitag* v. *Burke,* 45 Ind. 38; *Western Union Tel. Co.* v. *Fenton,* 52 Ind. 1; *Dorman* v. *State,* 56 Ind. 454; *McCloskey* v. *Indianapolis, etc., Union,* 67 Ind. 86. See, also, Elliott's App. Proced., pp. 404, 405.

There is, as appellant urges, an entire absence of evidence tending to support the specific charge of adultery

alleged in the complaint.   If the facts constituting the specific charge were essential to the sufficiency of an answer of justification, we are unable to conclude that justification, as a question of evidence, can be narrower. Looking to the evidence, we find that the charge in the complaint is not fully justified.   If we treat the allegation as made, by the failure of the appellant to challenge the answer, we must then apply the rule that the proof must be sufficient to cover the allegations.   *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160;   *Thomas* v. *Dale,* 86 Ind. 435;   *Perry* v. *Barnett,* 65 Ind. 522;   *Terry* v. *Shively,* 64 Ind. 106;   *Boardman* v. *Griffin,* 52 Ind. 101.

It is not necessary that we should pass upon the sufficiency of the evidence to establish the general charge, and as the case may again be tried, no good purpose would be subserved by an opinion upon that question.

The judgment of the circuit court is reversed.

Filed Nov. 26, 1894.