Campbell *v.* Irwin.

---

CAMPBELL *v.* IRWIN.

[No. 18,028.   Filed February 2, 1897.]

SLANDER.—*Plea in Justification.—Requisites Of.*—In a civil action for slander the plea or answer of justification must affirmatively show that the plaintiff is guilty of the offenses imputed by the words set out in the complaint, and that they were true in the sense in which they were averred to have been spoken by the defendant. A mere reiteration of the slanderous words, with an averment that they are true, is not sufficient.

From the Montgomery Circuit Court. *Reversed.*

*M. E. Clodfelter*, for appellant.

*M. W. Bruner* and *Crane & Anderson*, for appellee.

JORDAN, C. J.—Appellant, an unmarried woman, sued the appellee in an action for slander, wherein she demanded damages for the alleged wrong in the sum of $5,000.00. The complaint is in three paragraphs, each containing three sets of words upon which the alleged slander is based. By innuendoes and averments, it is charged that the defendant, on the several occasions mentioned, by speaking and publishing the words set out therein, imputed to the plaintiff the crime of fornication with one Dr. S. G. Irwin; that she so meant and intended to impute said crime to the plaintiff, and was so understood by the persons in whose presence the words were spoken. The complaint was held sufficient by the court upon demurrer, and the appellee filed her answer in two paragraphs, the first being a general denial. The second purports to be in justification, and was held to be sufficient as such on demurrer. Under the issues joined, a trial by jury resulted in a verdict for the defendant, and judgment was rendered in her favor for cost.

Among the errors assigned, the action of the court in overruling appellant's demurrer to the second paragraph of the answer is called in question. This paragraph is as follows:

"2d Par. The defendant, for further cause of defense herein, alleges that she admits the speaking of the words set out in the complaint, but she says that Dr. S. G. Irwin has been keeping and running the plaintiff for a long time; that Dr. S. G. Irwin did have plaintiff locked up in his back office for bad purposes and was criminally intimate with her, and plaintiff did have criminal intercourse with Dr. S. G. Irwin, and she is not a virtuous woman; that plaintiff did send for Dr. S. G. Irwin at Alamo, and that he did go when it was pouring down rain when he would not

have gone across the street to see any other patient. So the words charged in the complaint are true, and defendant demands judgment for costs."

By section 286, Burns' R. S. 1894 (285, R. S. 1881), every charge of incest, fornication, adultery, or whoredom, falsely made against a female, is actionable in the same manner as are slanderous words charging a crime, etc. Fornication is made a crime by the criminal code, section 2077, Burns' R. S. 1894 (1991, R. S. 1881). The infirmity of this answer in the main is that it simply reiterates, in part, the defamatory words averred in the complaint with a conclusion that they are true, without setting out a single fact that the charge or offense of fornication attributed to the appellant, as alleged in her complaint, was true. It is well settled by our decisions that the justification of the slander must be as broad as the charge, and must apply to the very charge which the defendant attempts to justify. The plea or answer of justification is required to affirmatively show that the plaintiff is guilty of the offenses imputed by the words set out in the complaint, and that they were true in the sense in which they are averred to have been spoken by the defendant, and where it is addressed to the entire charge, it must justify every set of words alleged in the complaint. Section 376, Burns' R. S. 1894 (373, R. S. 1881), provides that the defendant may allege the truth of the matter charged as defamatory, etc. Section 350, Burns' R. S. 1894 (347, R. S. 1881), pertaining to the practice in civil actions, provides that "the answer shall contain * * * a statement of any new matter constituting a defense, etc., in plain and concise language." Neither of these provisions of the code can be said to authorize a defendant in an action for slander to justify by the mere reiteration of the slanderous words in his answer, with an averment

that they are true, without a statement of any facts showing that the imputed charge of which plaintiff complains is true.

Under the common law rule, the defendant in his plea of justification was required to state specific facts, showing in what particular instances and the exact manner in which the plaintiff had misconducted herself. 1 Chitty on Plead., p. 522. Our code does not seem to have changed the common law rule in this respect. The decisions of this court and many other authorities sustain the requirement that to render an answer in justification in a libel or slander suit sufficient as such it must specifically allege the facts constituting the wrong charged to the plaintiff by the slanderous words, and where they attribute to him the commission of a crime, the defendant can only justify by stating in his answer the facts constituting the plaintiff guilty of the particular crime. It is not merely the words, but the charge contained therein that must be true in order to justify the defendant in speaking them. See *Mull* v. *McKnight*, 67 Ind. 535; *Funk* v. *Beverly*, 112 Ind. 190.

A distinction is made where the words impute an offense in a general way, and where they particularize the charge. Where the defamatory words as set out sufficiently describe the offense, then an admission by the defendant that he spoke the words as charged, and a general affirmation that they are true, has been held to be sufficient. The authorities go to the extent that the defendant, by his *quasi* indictment, under his answer in justification, puts the plaintiff upon trial as to the particular offense therein averred, and therefore it should be equally as direct and certain as regards the party and the offense as is required of an indictment or information in a criminal prosecution. *Mull* v. *Mc-Knight, supra,* and authorities there cited; Townsend

on Slander and Libel (2d ed.), sections 212, 357 and 358; *Downey* v. *Dillon,* 52 Ind. 442, and authorities there cited. The following additional authorities sustain the rule as to the requisites of a plea of justification. *DeArmond* v. *Armstrong,* 37 Ind. 35; *Sunman* v. *Brewin,* 52 Ind. 140; *Miller* v. *McDonald,* 139 Ind. 465; Bliss on Code Plead., section 161; *Wachter* v. *Quenzer,* 29 N. Y. 547.

Tested by the rule asserted and maintained by the decisions of this court and the other authorities, the second paragraph of the answer cannot be held sufficient as a plea of justification, and for the error in overruling the demurrer thereto the judgment must be reversed.

Some other questions are discussed by counsel for appellant, but as these may not arise again upon another trial, we pass them without consideration.

The judgment is reversed and cause remanded to the lower court, with instructions to grant appellant a new trial and sustain her demurrer to the second paragraph of appellee's answer, with leave to amend.