Hauger v. Benua.

HAUGER v. BENUA.

[No. 18,573.   Filed May 23, 1899.   Rehearing denied Dec. 20, 1899.]

APPEAL AND ERROR.—*Practice.—Harmless Error.*—Available error cannot be predicated upon the action of the court in sustaining a demurrer to a paragraph of complaint which only differed from the other paragraphs, which were held good, in that it anticipated the defense.  *p. 643.*

LIBEL.—*Pleading.—Justification.*—A plea of justification must be as broad as the charge which it seeks to justify, and where the defamatory charge is made in general terms, facts must be alleged in the plea of justification showing that the same is true; but where the charge is specific, the answer need only allege that the charge is true.  *pp. 645, 646.*

APPEAL AND ERROR.—*Evidence.—How Made Part of Record Under Act of 1897.*—Where the record shows that the bill of exceptions containing the evidence was presented to the judge within the time permitted by law and that allowed by the court; that the same was signed by the judge, filed with the clerk, embraced in the transcript and certified by the clerk as the original bill of exceptions, it is properly a part of the record under the act of 1897 (Acts 1897, p. 244), without any certificate of the stenographer who reported the evidence.  *pp. 646, 647.*

TRIAL.—*Instructions.—Burden of Proof.—Libel.*—An instruction in the trial of an action for libel that "malice is an essential element in this case, and is an element which must be shown by the plaintiff" is erroneous, where defendant filed an answer in justification, and no general denial, since under the issues the burden of proof was upon the defendant.  *p. 647.*

INSTRUCTIONS.—*Contradictory Instructions.*—Where in the trial of an action for libel the issues were so formed that the burden of proof was upon the defendant, an instruction informing the jury that malice was an essential element in the case which must be shown by plaintiff was not cured by another instruction that the burden of proof was upon defendant.  The error could only be corrected by a plain withdrawal of the erroneous instruction.  *p. 647.*

From the Washington Circuit Court.   *Reversed.*

*D. M. Alspaugh, J. C. Lawler, C. A. Zaring* and *M. B. Hottel,* for appellant

*S. H. Mitchell* and *F. P. Cauble,* for appellee.

MONKS, J.—This was an action for libel by appellant against appellee. The complaint was in five paragraphs. A demurrer for want of facts was sustained to the fifth paragraph of complaint. Appellee filed an answer of justification in three paragraphs. Appellant's demurrer for want of facts to each paragraph of the answer was overruled. The cause was tried by a jury, and a verdict returned in favor of appellee, and, over a motion for a new trial, judgment was rendered against appellant.

The errors assigned call in question the action of the court in sustaining the demurrer to the fifth paragraph of complaint, in overruling the demurrer to each paragraph of answer, and in overruling the motion for a new trial.

The only substantial difference between the fifth paragraph and other paragraphs of the complaint is that it anticipates the defense. The error, therefore, if any, in sustaining the demurrer to said paragraph was harmless, because the other paragraphs of complaint required no more or greater evidence to sustain them than would have been required to sustain said fifth paragraph. *Metzger* v. *Hubbard, ante,* 189.

It is next insisted that the paragraphs of answer in justification were insufficient because "the same are not as broad as the charges contained in the hand-bill published by appellee, and that no facts are alleged showing that said charges were true." The hand-bill set forth in the complaint is as follows: "To the Public! The advertisement of C. C. Hauger & Co., in the Salem Democrat of Nov. 15, 1895, charges the undersigned with having received and accepted an order from J. W. Hauger for clothing sold to one W. T. Nelson. The ad. gives the following as "about" the language of the said order: 'Mr. C. C. Hauger, you will sell Mr. Nelson some clothes and I will settle with you for them. Signed, J. W. Hauger.' I desire to say that no such order was ever presented to myself or my employes, and that it is one of C. C. Hauger's lies manufactured out of whole cloth,

and the facts themselves condemn him as a wilful and infamous liar. $200 Reward. I make this proposition and dare and defy him to accept it. I have placed in a sealed envelope the order that Mr. Nelson gave in payment for his purchase. I have deposited it with James F. Persise, cashier of the Bank of Salem, and with it the sum of $200. Let C. C. Hauger & Co., place a like sum there and, if the order referred to in C. C. Hauger & Co's. advertisement, contains the name of "C. C. Hauger", or "C. C. Hauger & Co." or "J. W. Hauger" or simply "Hauger", I hereby authorize Mr. Persise to hand over to C. C. Hauger the deposit of $200 he holds of my money, but if the order does not contain the words mentioned then Mr. Persise is to hand me over Mr. Hauger's deposit, and I name his immediate neighbors, Messrs. Charles McClintock and Thomas Williams— or any two fair minded citizens that Mr. Hauger himself may name, to examine the order. Now Mr. Hauger, put up or shut up. This offer holds goods until 9 a. m. Monday. Lon Benua, The Square Clothier."

The answer of justification admits the publication of the hand-bill and alleges that "the matters contained in said hand-bill are true in substance and fact; that on the ——— of November, 1895, the same being prior to the publication complained of and alleged to be libelous, said plaintiff caused to be printed in the Salem Democrat, a public weekly newspaper of general circulation published in the town of Salem, in the county of Washington and State of Indiana, a certain wicked, false, malicious, and libelous article of and concerning this defendant, and which was understood by those who read it as referring to and meaning this defendant, and which article was and is in part as follows, viz.: 'Only last week Mr. J. W. Hauger, the grocer, gave to Mr. W. T. Nelson an order to us for some clothing, Mr. Nelson not being informed that we had left the only stand in the Opera House block, called there and asked for Mr. Hauger. He was informed by some of the hands that Mr. Hauger had just stepped out,

Hauger v. Benua.

and the hand asked if there was anything wanted. Mr. Nelson said that he wanted some clothing. The party showed him through and induced him to take some stuff. After wrapping it up Mr. Nelson presented the order from Mr. J. W. Hauger, stating about this: Mr. C. C. Hauger, you will sell Mr. Nelson some clothes and I will settle with you for them. Signed, J. W. Hauger. These people accepted the order and now hold the same, but the party did not find out that they had told him a falsehood until Friday of last week, and then is when he told us about the transaction. We notified Mr. J. W. Hauger about it and he said he would not pay the order, but would pay the money to Mr. Nelson, as they had no right to sell the goods upon the order. We only give this as evidence to show what some people will do for a little trade when there is but a little profit. Where is there an honest man that would do as little a trick as that. We will give $100 reward for one.' Said defendant further avers that the foregoing article so published by said plaintiff was and is false, and that no such order as the one referred to and described in said publication was ever presented to this defendant, his clerks, or agents, and that said article so published or caused to be published by said plaintiff was and is wholly false, and that the matters and facts contained in said hand-bill, alleged to be libelous, are true."

It is a well settled rule that a plea of justification must be as broad as the charge which it seeks to justify. Where the defamatory charge is made in general terms, facts must be alleged in the plea of justification showing that the same is true, but where the charge is specific the answer need only allege that the charge is true. 13 Ency. Pl. & Pr. 83, 84; 13 Am. & Eng. Ency. of Law, 474, 475; *Campbell* v. *Irwin*, 146 Ind. 681, 684; *Kuhn* v. *Young*, 78 Texas, 344; *Vanwyck* v. *Guthrie*, 4 Duer (N. Y.), 268, 274; *Kelly* v. *Taintor*, 48 How. Prac. (N. Y.), 270, 272; *Kingsley* v. *Kingsley*, 79 Hun (N. Y.), 569, 570; *Dever* v. *Clark*, 44 Kan. 745, 750, 751; *Fenstermaker* v. *Tribune Pub. Co.*, 12

Utah 439, 462-464, and cases cited; Odgers on Slander & Libel (Biglow's ed.), p. 485; Townshend on Slander & Libel (4th ed.), §356; Newell on Slander & Libel, p. 653.

It will be observed that the hand-bill, made a part of the complaint, and alleged to have been published by appellee, specifically sets forth the charges made by appellant against appellee, and specifically denies the same, and says that the facts stated "condemn appellant as a wilful and infamous liar." The hand-bill does not charge generally that appellant was a "wilful and infamous liar," but that the facts stated in the hand-bill condemn him as such. The charge is thus limited to the facts stated, and is not general but is specific. The facts from which the inference is drawn are stated; in such case they need not be restated in the answer of justification. It is clear, therefore, under the rule established by the authorities cited, that the answer was sufficient, and the court did not err in overruling the demurrer thereto.

Appellee contends that no question presented by the motion for a new trial, which depends for its determination upon the evidence, can be considered, because the evidence is not in the record. He urges that the evidence is not in the record because "there is no certificate made by the shorthand reporter that the longhand report of the evidence is a true and complete report of the shorthand notes." No such certificate is required. Bills of exceptions containing the evidence are settled and allowed by the trial judge. He, not the shorthand reporter, determines when a bill is presented for settlement and signature whether the evidence contained therein is correct, and whether the bill contains all the evidence given. If the record shows that such bill was presented to the trial judge for settlement and signature within the time permitted by law and that allowed by the court, and that the same was signed by said judge and filed with the clerk of said court, or in open court, and the same is embraced in the transcript by the clerk and certified to be said original bill of exceptions, it is sufficient to bring the

evidence contained therein into the record, under the act of 1897 (Acts 1897, p. 244). It is immaterial, under said act, how the evidence was taken or who reduced it to writing. The original bill of exceptions containing the evidence was by the clerk of the trial court embraced in the transcript in all respects as required by the act of 1897 (Acts 1897, p. 244), and the evidence contained therein is properly in the record.

It is insisted by appellant that the court erred in giving instruction nine to the jury. By this instruction the court informed the jury that "Malice is an essential element in this case, and is an element which must be shown by the plaintiff." Appellee filed three paragraphs of answer in justification, and no general denial. Under the issues so joined the burden of proof was upon the appellee, and he was entitled to the open and close of the trial. *McCoy* v. *McCoy*, 106 Ind. 492, and cases cited; *Heilman* v. *Shanklin*, 60 Ind. 424, 444, 445. It is evident therefore that the court erred in giving said instruction. It is true that in instruction five the court informed the jury that the burden of proof was upon appellee, and correctly stated the rule. This, however, did not correct the error in giving instruction nine; that could only be done by a plain withdrawal of the erroneous instruction. *Roller* v. *Kling*, 150 Ind. 159, 163, 164; *Wenning* v. *Teeple*, 144 Ind. 189, 194, 195, and cases cited; *Pittsburgh, etc., R. Co.* v. *Noftsger*, 148 Ind. 101, 109.

The other causes for a new trial set out in the motion therefor are without substantial merit, and need not be considered. It follows that the court erred in overruling the motion for a new trial. Judgment reversed, with instructions to sustain appellant's motion for a new trial.