## AYRES v. BLEVINS ET AL.

[No. 3,471. Filed December 17, 1901.]

APPEAL AND ERROR.—*Pleading.*—*Amendment.*—Rulings on demurrers to answers which were afterward amended cannot be considered on appeal. *p. 102.*

SAME.—*Bill of Exceptions.*—A bill of exceptions which was not filed after being signed is not a part of the record. *p. 102.*

SAME.—*Instructions.*—To make instructions given or refused a part of the record under §544 Burns 1901 it must affirmatively appear that exceptions were written upon the instructions, dated and signed by the judge, and that the instructions were filed after being signed by the trial judge. *p. 102.*

SAME.—Where the instructions are incorporated in the bill of exceptions the provisions of §533, 535 Horner 1901 do not apply. Moore v. Combs, 24 Ind. App. 464, overruled. *p. 102.*

SAME.—*Bill of Exceptions.*—*Evidence.*—The evidence is properly in the record where the bill of exceptions containing the reporter's long-hand transcript of the evidence was presented to and signed by the judge within the time limited, and, after being so signed, filed in the clerk's office and certified to the Appellate Court. *p. 103.*

SAME.—*Answer Cannot be First Questioned on Appeal.*—The sufficiency of an answer cannot be questioned for the first time on appeal. *p. 104.*

SAME.—*Answer.*—*Evidence.*—The objection to the sufficiency of facts which might have been made to an answer upon demurrer may be made to the evidence offered in support of the answer under a motion for a new trial. *p. 104.*

FRAUD.—*Promise to be Performed in Future.*—A promise to do something in the future, although not intended to be performed, does not constitute fraud. *p. 104.*

EVIDENCE.—*Contracts.*—*Oral Negotiations.*—Oral negotiations leading up to a written contract are merged in the writing, and it is error to admit in evidence such oral negotiations in an action for breach of the contract. *p. 105.*

From Owen Circuit Court; *G. W. Grubbs*, Judge.

Action by A. C. Ayres against S. M. Blevins and others on promissory notes given in settlement for a stone crusher. From a judgment for defendants, plaintiff appeals. *Reversed.*

*H. A. Lee, L. M. Grimes, I. H. Fowler* and *T. G. Spangler*, for appellant.

*Willis Hickam, H. C. Duncan* and *I. C. Batman,* for appellees.

ROBY, J.—The first, second, and third assignments are that the court erred in overruling appellant's demurrers to the first, second and third paragraphs of answer respectively. There were amended first, second, and third paragraphs of answer filed. The assignments do not therefore present any question, the original pleadings being taken out of the record by the amendments. §662 Burns 1901, §650 Horner 1901. *Barnes* v. *Pelham,* 18 Ind. App. 166.

The remaining assignment is that the court erred in overruling the appellant's motion for a new trial. Grounds for a new trial discussed relate to the action of the court in permitting the appellees to amend their answers after the evidence had begun, in denying appellant's right to open and close, and in the giving and refusal to give instructions. Two bills of exceptions designed to save these questions were presented to the trial judge and have been copied by the clerk in making up the transcript. It does not appear that they were filed after being signed and they are therefore not properly a part of the record. *Richardson* v. *League,* 21 Ind. App. 429; *Beall* v. *Union Traction Co.,* 157 Ind. 209.

There seems to have been an attempt to bring the instructions into the record under the provisions of the statute. §§543, 544 Burns 1901, §§534, 535 Horner 1901. There are three methods in which to make instructions given or refused a part of the record. (1) By order of court; (2) by bill of exceptions; (3) under the statute above cited. When the third method is followed it must affirmatively appear that exceptions were written upon the instructions, dated and signed by the judge, and filed. *Riley* v. *Allen,* 154 Ind. 176.

Where the instructions are incorporated in the bill of exceptions the provisions of §§533, 535 Horner 1901, do not apply. *Burk* v. *Andis,* 98 Ind. 59, 63; *Ohio, etc., R. Co.* v. *Dunn,* 138 Ind. 18. In so far as *Moore* v. *Combs,* 24

Ind. App. 464, holds otherwise it is overruled. The record does not show that the instructions were filed after being signed by the trial judge; they do not therefore become part of the record under the statute. A bill of exceptions containing the reporter's longhand transcript of the evidence was presented to and signed by the judge within the time limited, and after being so signed was filed in the clerk's office and is certified to this court. The evidence is therefore in the record. *Breedlove* v. *Breedlove,* 27 Ind. App. 560.

The action was brought to recover the amount of two promissory notes executed by appellees to the Aultman Company, a corporation, in settlement for a stone crusher. A written order was given for the crusher, the material terms of which are as follows:

"Post Office Ellettsville, State of Ind. Date June 3, 1896. The Aultman Company. Canton Ohio: Please ship to Blevins & Steele at Ellettsville station, county of Monroe, State of Ind. about the 15th day of June 1896, via route you consider cheapest and best, one No. $3\frac{1}{2}$ Aultman rock crusher, complete with fourteen steel elevator and steel trucks. On its arrival we agree to pay freight charges and at our own expense for power, cartage, assistance, etc., give same a fair and thorough trial, under conditions stipulated, and under directions of your agent. If said crusher equals the capacity claimed, viz.: No. $3\frac{1}{2}$, twelve to sixteen tons per hour; man to be furnished free of charge by the Aultman Co. We agree to pay the Aultman Company, or order $675, payable as follows: Within eighteen months from date of acceptance. Interest 6%. Above price is for the crusher f. o. b. cars Ellettsville. If the crusher does not do the work represented above, then we agree to notify you in writing, at Canton, Ohio, of such failure, and if, within ten days from receipt of such notice, you fail to make crusher do the work represented above, then you are to refund the freight charges and receive back the crusher at Ellettsville R. R. station from which it was taken, and can-

cel this order. It is also further understood that this order embodies the entire understanding, is not subject to countermand, and is not to be affected by any verbal agreements."

The first and second paragraphs of answer count upon an alleged breach of the warranty contained in this instrument. The third paragraph makes the order an exhibit. Its theory seems to be a mixture of breach of warranty and fraudulent representations, but from statements made in passing upon the admissibility of evidence in the trial court it appears to have been construed as an answer of fraud. The sufficiency of the answers not having been raised by demurrer can not be first questioned on appeal. *Miller* v. *McDonald*, 139 Ind. 465. Elliott's App. Proc., §§476, 480.

The third paragraph affirmatively shows that the representations alleged to have been fraudulent were afterward embodied in the written contract. They consist of representations that the machine would crush a certain number of tons of rock per hour, in a manner satisfactory to the appellees. The objection to the sufficiency of facts which might have been made to the pleading, upon demurrer, may be made to the evidence. *Miller* v. *McDonald, supra.*

The motion for a new trial presents the question upon the evidence. The evidence offered in support of the answer is wholly insufficient to justify the inference of fraud. A promise to do something in the future, although not intended to be performed, does not constitute fraud. *Smith* v. *Parker*, 148 Ind. 127, 133. The representation of a material fact is necessary to a charge of fraud; matters of opinion and matters equally within the knowledge of the parties are not sufficient. *Anderson, etc., Works* v. *Myers*, 15 Ind. App. 385; *Lincoln* v. *Ragsdale*, 9 Ind. App. 555.

The evidence shows, not that fraud was practiced, but the reverse. Appellee Blevins testified that he had had a great deal of experience with machinery. Had been employed about it "all my life." "Have had charge of all kinds of stone mills, engines, and chink machines." The agent of

the company selling the machine explained it in detail by the aid of a model; he said the machine was a good machine and would crush certain quantities of stone. The purchase was made and the written order executed. The order bears date June 3, 1896, the machine was received during the latter part of that month. November 17th it was put in operation. December 10th, after appellees had used it for twenty-seven days, the notes in suit were executed without objection. The appellees had then all possible opportunity to detect any fraud theretofore practiced upon them, but they made no suggestion of it. It is not claimed that the alleged defects were latent. The appellees were as able to see them as any one and surely so when the notes were made. Two miles and a quarter of pike road were built with the machine and in July 1897 it was "thrown out", and the agent of the company informed that it was his machine.

Over the objection of appellants the witness Blevins was permitted to detail the oral negotiations which led to the execution of the contract between the parties. Such negotiations were merged in the writing. *Cole* v. *Gray*, 139 Ind. 396. The admission of this testimony was error. Its tendency was to confuse the jury by attaching to the transaction an unfounded suggestion of fraud. The verdict thus obtained ought to have been promptly set aside by the trial court.

Judgment reversed, with instructions to sustain motion for a new trial and for further proceedings with leave to reform issues.