## BOARD OF COMMISSIONERS OF JAY COUNTY *v.* BLISS.

[No. 20,184. Filed February 5, 1904.]

ELECTIONS.—*Vote Selling.—Prosecution.—Reward.*—One who violates, or procures, counsels or causes to be violated any of the provisions of §2329 Burns 1901, is not entitled to the reward provided by §2330 Burns 1901 for furnishing testimony necessary to secure a conviction of any person who sells, barters, or offers to sell his vote.

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by Felix Bliss against the Board of Commissioners of Jay County. From a judgment for plaintiff, defendant appeals. *Reversed.*

*G. W. Bergman* and *E. E. McGriff,* for appellant.
*O. H. Adair* and *J. T. La Follette,* for appellee.

MONKS, J.—This action was brought by appellee to recover the reward provided by §2330 Burns 1901, for furnishing the testimony necessary to secure the conviction of one Sitzman for a violation of §2329 Burns 1901. A trial of said cause resulted in a verdict in favor of appellee, and, over a motion for a new trial, judgment was rendered against appellant.

It is insisted by appellee that the evidence is not in the record, and that for this reason no question presented by the motion for a new trial can be considered. On June 27, 1903, the motion for a new trial was overruled by the court, and sixty days were given in which to prepare and file a bill of exceptions. The certificates of the clerk show that the bill of exceptions was duly filed in his office on July 24, 1903, and that said original bill of exceptions containing the evidence is embodied in the transcript. It is clear that, under the act of 1897 (Acts 1897, p. 244, §638a Burns 1901), the evidence is in the record. *Minnick* v. *State, ex rel.,* 154 Ind. 379; *Hauger* v. *Benua,* 153 Ind. 642, 646, 647; Ewbank's Manual, 43.

Appellee was a witness in his own behalf, and testified in substance, that he paid George Sitzman $2 on the day of the general election of 1902 in Portland, Jay county, Indiana, in consideration of which Sitzman promised that he would not vote at said election, but "would stay away from the polls and not vote." Sitzman signed a receipt for said $2, which was read in evidence, and was as follows: "Received of Felix Bliss $2, to stay away from the polls on November 4, 1902. [Signed.] George Sitzman." It was also shown that on the testimony furnished by appellee, and an affidavit signed and sworn to by him, said Sitzman was prosecuted and convicted, on a plea of guilty, in the Jay Circuit Court.

This court held in *Board, etc.,* v. *Davis, ante,* 60, on ground of public policy, that the words "any person or persons" in §2330, *supra,* did not include the person or persons who violated, or procured, counseled, or caused to be violated any of the provisions of §2329, *supra,* or in any way aided or abetted therein. This was on the ground that no person shall be permitted to profit by or take advantage of his own wrong, or to found any claim upon his own iniquity. It is clear from appellee's evidence that he does not come within the provision of said §2330, *supra,* and is not entitled to recover said reward. *Board, etc.,* v. *Davis, supra,* and cases cited.

A constitutional question is argued by counsel for appellant, but the conclusion we have reached renders the decision of that question unnecessary.

Judgment reversed, with instruction to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.