[10932. *En Banc.* October 27, 1913.]

## E. V. LAMBERT, *Appellant*, v. W. H. COWLES, *Respondent*.[1]

LIBEL AND SLANDER—PLEADING—ANSWER—JUSTIFICATION — PARTIC-
ULARITY. The rule that, in an action for libel, a plea of justification
must state the charge with the same degree of certainty as required
in an indictment, has no application where the alleged libel does not
impute the commission of a crime.

SAME. In an action for newspaper libel, in publishing of a can-
didate for reelection to a city office, that "he and his active follow-
ers have been the friends of favored contractors," a plea of justifi-
cation is sufficiently certain and specific, as against a demurrer,
where the answer alleges the truth of the charge and that plaintiff
was a close friend of B. & S., who were favored contractors and
secured contracts from the city without the usual or legal require-
ments, and at exorbitant prices and were paid sums in excess of the
reasonable value of work done (GOSE, CHADWICK, and ELLIS, JJ., dis-
senting).

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered September 16, 1912, upon
the verdict of a jury rendered in favor of the defendant, in
an action for newspaper libel. Affirmed.

*Alex M. Winston*, for appellant.

*H. M. Stephens*, for respondent.

PARKER, J.—The plaintiff seeks damages which he alleges
resulted to him from a libelous publication made by the de-
fendant in the Spokesman-Review, of which newspaper he is
the publisher. A trial in the superior court resulted in a ver-
dict and judgment in favor of the defendant, from which the
plaintiff has appealed.

The principal contention made by counsel for appellant is
that respondent's plea of justification, alleging the truth of
the alleged libelous statement, was not sufficient to permit the
introduction of evidence in support thereof, and that the
trial court erred in overruling the demurrer thereto. The

[1]Reported in 135 Pac. 1008.

only allegations of the complaint we need notice are the following:

"That heretofore, on, to wit, the 23rd day of February, 1911, defendant in said paper published of and concerning the plaintiff a certain article in words and letters as follows:

" 'No Member of the City Council Should be

Elected Commissioner.

" 'The records of such public officials as are candidates for commissioner prove or disprove their fitness for the position.

" 'Judged by this test Messrs. Lambert, Belshaw, Funk, Gray and Mohr ought not to be chosen.

" 'Mr. Lambert has been the main spring of the chaos and maladministration that have misruled at the city hall for two years.

" 'He and his active followers have been the friends of favored contractors, special and other interests.  They have wasted public funds and opposed strict enforcement of the laws for the regulation of the liquor traffic. . . .'

"That the following portions of said article were and are wholly false and defamatory, to wit, 'He and his active followers have been the friends of favored contractors.' "

The allegations of the answer here involved, by which respondent sought to justify the publication, are as follows:

"That the matters and things set forth in the article mentioned in plaintiff's complaint, and the matters and things therein complained of as libelous, are, and each of them is, in fact true.

"That the article was and is true in this, that the plaintiff was at the time of the publication of the article complained of a close friend of James Broad and James Smythe, that at the time of the publication of said article, and prior thereto, said James Broad and James Smythe and the Smythe Plumbing Company were favored contractors of any by the City of Spokane and secured contracts without the usual requirements and not in accordance with the ordinances or charter of the city of Spokane, that the Smythe Plumbing Company was at said time, and prior thereto, controlled by the said James Smythe, that the said contractors secured contracts from the city at exorbitant prices, and were paid therefor sums largely in excess of the reasonable value and largely in excess of the estimate of the city engineer."

This affirmative matter in the answer was demurred to by appellant upon the ground that it "fails to state facts sufficient to constitute a defense to this action." No other ground of demurrer was stated. This general demurrer being overruled by the court, appellant replied admitting that he was a friend of Broad and Smythe, and that they had received numerous contracts from the city, but denied the allegations of the answer that they were favored contractors or were paid excessive and unreasonable sums for their work.

Counsel for appellant invoke the common law rule as stated in Newell, Slander and Libel (2d ed.), p. 651, § 69:

"At common law the plea of justification must be pleaded with the greatest precision. It ought to state the charge with the same degree of certainty and precision as is required in an indictment. The object of the plea is to give the plaintiff, who is, in truth, an accused person, the means of knowing what are the matters alleged against him."

Even if this be the general rule at the present time in this state, which may well be doubted in view of our liberal rules of pleading, we think it is not of practicable application where, as in this case, the language of the alleged libel does not impute to appellant the commission of a crime. The particular language here relied upon as libelous is, "He and his active followers have been the friends of favored contractors, special and other interests." The other language of the published article is given but little attention in the argument of counsel for the appellant; but viewing the language here complained of, even in the light of the other language used, we are unable to see that it either charges or imputes to appellant the commission of a crime, though it may be regarded as libelous in that it imputes to appellant actions and motives on his part tending to bring him into direpute. The published language complained of being general, in so far as it imputes to appellant wrong actions and motives, it was necessary for respondent in his plea of justification to state facts showing its truth. This, we are constrained to hold, he has

done with sufficient particularity to satisfy our rules of pleading in civil actions. In the case of *Barrows v. Carpenter*, 1 Clifford 204, 209, Justice Clifford of the supreme court of the United States, while sitting in the circuit court of Rhode Island, observed:

"Courts of justice agree that a plea of justification, in actions of libel and slander, must contain a specific charge set forth with certainty and particularity; and it is sometimes said that the plea ought to state the charge with the same precision as in an indictment. To maintain an action of libel, however, it is not necessary that the publication should impute an actionable offence to the plaintiff. Any writing, picture, or sign which derogates from the character of an individual, by imputing to him either bad actions or vicious principles, or which tends to diminish his respectability and abridge his comforts, by exposing him to disgrace and ridicule, is actionable without proof of special damage. *Cooper v. Greely,* 1 Den. 363; *Clark v. Binney,* 2 Pick. 115. When the charge is general, the defendant is required to state the substantial facts which constitute its elements; and when that condition is fairly fulfilled, he has done all that the law requires to maintain his plea."

These remarks were made by the learned justice nearly fifty years ago when the rules of pleading were much less liberal than at present in this state. It is not possible to measure with exactness the extent to which a defendant in a libel case must go in pleading facts showing justification. We think, however, the stating by respondent, as in this case, that appellant was a close friend of Broad & Smythe, that they were favored contractors and secured contracts without the usual requirements, and not in accordance with the ordinances or charter of the city, and secured exorbitant prices and were paid sums in excess of the reasonable value of the work done and largely in excess of the estimates of the city engineer, was a pleading of sufficient particularity to enable respondent to meet the charges made against him by the general language of the alleged publication; at least, as against a general demurrer, that being the only manner in which the

plea of justification was attacked.    Just what the appellant
might have been entitled to upon a motion for a more specific
statement of the defense of justification, is a matter with
which we are not here concerned.    The following decisions,
though not all directly in point, we think lend support to our
conclusions: *Stark v. Publishers, Knapp & Co.*, 160 Mo. 529,
61 S. W. 669; *Dever v. Clark*, 44 Kan. 745, 25 Pac. 205;
*Hauger v. Benua*, 153 Ind. 642, 53 N. E. 942; *Kuhn v.
Young*, 78 Tex. 344, 14 S. W. 796; *Fenstermaker v. Trib-
une Pub. Co.*, 12 Utah 439, 43 Pac. 112, 35 L. R. A. 611.

Some contention is made by counsel for appellant that the
evidence introduced was insufficient to sustain any finding in
favor of the respondent upon his plea of justification.    An
examination of those portions of the record to which our at-
tention has been called convinces us that we would not be
warranted in interfering with the verdict of the jury on this
ground.    Other contentions, we think, are without merit and
do not call for discussion.

The judgment is affirmed.

Crow, C. J., Mount, and Main, JJ., concur.

Fullerton and Morris, JJ., concur in the result.

Gose, J. (dissenting)—The court correctly instructed the
jury that the article was libelous *per se*.    The charge was
that the appellant "and his active followers have been the
friends of *favored* contractors."    This is a vague and in-
definite charge of official corruption, and under all of the
authorities, a plea of justification must state the facts upon
which the pleader rests his defense.    The question is, how
were the contractors favored?    The law demands facts, not
inferences or conclusions.    If the respondent had knowledge
of any specific facts which justified the charge, he should
have pleaded them.    If he had no such knowledge, he should
not have made the charge.    The allegations that the parties
named were "favored contractors . . . and secured con-
tracts without the usual requirements and not in accordance

with the ordinances or charter of the city of Spokane  .  .  .
that the said contractors secured contracts from the city
at exorbitant prices, and were paid therefor sums largely in
excess of the reasonable value," etc., are not facts, but the
conclusion of the pleader.  The respondent should have been
required to allege the particular provision of the ordinance
or charter violated and in what manner it was violated.  He
should also have been required to specify what contracts
were secured from the city by the parties named at exorbitant
prices.

The majority misconceives the law when it says: "It is not
possible to measure with exactness the extent to which a de-
fendant in a libel case must go in pleading facts showing jus-
tification."  It holds, therefore, that a justification does not
have to be pleaded with the particularity of an indictment;
that the answer of the defendant is not pleaded with the par-
ticularity of an indictment, and, *ergo*, it is well pleaded.  This
reasoning is delusive.  The answer to the doubt raised by the
majority is to be found in the language of Justice Clifford,
quoted in the opinion:  "When a charge is general, the de-
fendant is required to state the substantial *facts* which con-
stitute its elements."  (The italics are mine.)  This is the
general rule laid down by all textwriters.  The measure of the
defendant's duty is to plead facts; not necessarily with the
particularity of a common law indictment, but with the cer-
tainty of an answer in a civil action under the statute.

Our statute, Rem. & Bal. Code, § 258, subd. 2 (P. C. 81
§ 223), provides that the complaint shall contain "a plain
and concise statement of the facts" constituting the cause
of action.  A justification in an action of libel should plead
the facts with a like precision.  The rule we have stated im-
poses no unreasonable burden upon one charged with a libel.
If he has knowledge of the facts which stamp the charge as
true, it is a simple matter to plead them.  If he has no knowl-
edge of such facts, he is without excuse and is justly liable in
damages.  *Fry v. Bennett*, 5 Sandf. (N. Y. Sup'r Ct.) 54.

Nor do we think that the authorities cited in the majority opinion sustain the conclusion reached. In *Stark v. Publishers, Knapp & Co.*, 160 Mo. 529, 61 S. W. 669, the rule is thus stated:

"Where the defamatory matter complained of is in general terms, as that plaintiff is a murderer, a thief, or other imputation, which is a mere conclusion or inference of facts, the particular facts relied upon warranting the inference charged, must be set forth specifically in a plea of justification, so that the plaintiff may be advised of the particular matter that he will be called upon to meet. But when the defamatory matter charged is itself specific, it is sufficient to allege generally that the charge is true."

In *Dever v. Clark*, 44 Kan. 745, 25 Pac. 205, it is said:

"Where the charge is specific, it is sufficient to state that the supposed defamatory words or libelous publication set forth in the petition are true. Where the charge is in general terms, the answer must state facts which show the defamatory words or libelous publication to be true; it is not sufficient merely to allege that the charge is true . . . If the charge be that the plaintiff is a swindler, or a thief, or a perjurer, or a murderer, or that he stole a watch, or certified a lie, or was of intemperate habits, or received a bribe, or perverted the law, it is not sufficient merely to allege that the charge is true. The plea of justification must set up the facts upon which the defendant relies to make out a charge. (Townshend, Slander & Libel, § 355; Newell on Slander & Libel, §§ 68-84.)"

The test stated in *Fenstermaker v. Tribune Pub. Co.*, 12 Utah 439, 43 Pac. 112, 35 L. R. A. 611, is:

"Where the imputation complained of is a conclusion or inference from certain facts, the plea of justification must aver the existence of a state of facts which will warrant the inference of the charge."

The other cases cited voice a like rule. If this rule is observed, a simple issue is made. If the justification is evasive and indefinite, there is no issue, and the party charging the libel is left to speculate as to the nature of the evidence he will

be called upon to meet. The charge is a most serious one, and was either made with knowledge or it was recklessly made.

I think the insufficiency of the justification was properly raised by demurrer. *Campbell v. Irwin,* 146 Ind. 681, 45 N. E. 810; *Wachter v. Quenzer,* 29 N. Y. 547.

The demurrer should have been sustained, and I therefore dissent.

CHADWICK and ELLIS, JJ., concur with GOSE, J.